MADDOX, Justice.
The issue here is whether a patient’s malpractice suit was barred by limitations. We hold that it was not and reverse the trial court’s granting of the doctor’s motion for summary judgment.
At the hearing on motion for summary judgment, it was admitted that the act or omission complained of occurred more than two years prior to the filing of the suit, and that the act or omission was discovered within two years.
The dentist claimed that, under the provisions of Title 7, § 25(1), Code of Alabama, 1940, the plaintiff should have filed his action within two years after the act or omission occurred. The trial court agreed with him.
Plaintiffs (the patient and the Veterans Administration, which joined him to recover for corrective treatment it had furnished him) contend that Title 7, § 176(10) controls and that they had one year after the effective date of the passage of Title 7, § 176(10) within which to file suit.
Title 7, § 25(1), reads as follows:
“Same; actions against physicians and surgeons and dentists for malpractice. (1) All actions against physicians and surgeons, and dentists for malpractice, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the cause of action, and not afterwards. Provided that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier, provided further that in no event may the action be commenced more than six years after such act.”
On September 23, 1975, the legislature superseded Section 25(1) by enacting into law § 176(10), which reads as follows:
“Limitation on time for commencement of actions against physicians, dentists, medical institutions and other health care providers. — (1) All actions against physicians, surgeons, and dentists, medical institutions, or other health care providers *633 for liability, error, mistake, or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the cause of action, and not afterwards. Provided that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier, provided further that in no event may the action be commenced more than four years after such act except that an error, mistake, act, omission or failure to cure giving rise to a cause of action which occurs before the effective date of this article shall not in any event be barred until the expiration of one year from the effective date of this article.”
Unquestionably, the patient’s alleged cause of action existed on the effective date of the Alabama Medical Liability Act. If Section 25(1) is applicable as the dentist urges, the patient’s cause of action was barred. The patient contends that the portion of § 176(10) which we have emphasized tolled the running of the statute until September 23, 1976, and since his action was filed on August 6,1976, it was timely. The dentist takes the position that even if the emphasized portion of § 176(10) applied, it would apply only to “undiscovered” causes of action. The patient argues that the phrase “in any event” shows that the legislature intended to extend the limitation period for an additional year for both discovered and undiscovered malpractice actions, which had not expired on September 23, 1975, the effective date of § 176(10).
We agree with the patient.
In determining that the legislature intended to extend the limitation period for an additional year on existing causes of actions, we are guided, in part, by the principles set out in Henry and Wife v. Thorpe, 14 Ala. 103 (1848), wherein this Court stated:
“ * * * yet the majority of them, and the best reasoned discussions, maintain that it is competent for the legislature to modify the terms of prescription at pleasure, and where the prescription has not been completed when the law was changed, the past shall be effaced and the substituted law shall determine the time that bars a recovery. It is certainly allowable, and perhaps would be altogether just, that effect should be given to the time past, whenever a change is made in the statute of limitations, so that the term may not be protracted; but if no such provision is made in the new law, we cannot perceive by what authority the courts can give to both statutes a proportional operation. The latter, if not an express, will operate an implied repeal of the former, and thus destroy its effect in toto. Statutes of limitations it has been often held, do not enter into the contracts of parties, or affect their rights, until the presumption is complete: Besides, like all other acts of legislation their field of operation is the future, and they will not be permitted to act retrospectively. Dwarris on Sta. 680 to 682; Wilkinson on Lim. 140 to 147; Rathbone v. Bradford, 1 Ala.R. 312; State v. Click, 2 Id. 26; Prince v. The U. States, 2 Gal.Rep. 204; Tuft v. Rice, Breese’s Rep. (Ap.) 30; Prevo v. Lathrop, 1 Seam.Rep. 306; Piatt v. Vathier et al., 1 McL.Rep. 158; Union Cotton Manufactory v. Lobdell, 7 Mart. Rep.N.S. 111 [108]; Reeves v. Adams, 5 Lou.Rep. 292 [288]; 9 Bac.Ab. 228, Bouv. ed. An act of limitations, being remedial, may operate upon contracts or causes of action existing at the time of its enactment, that is, may prescribe the time beyond which suits shall not be maintainable upon them; and the fact that there was a statute upon the subject when the contract was entered into, or the right of action accrued, can make no difference.
“True, the enlarging or lengthening of the term may introduce some seeming incongruities, but these, according to a modification of facts, affect the plaintiff and defendant about equally. Thus, where the prescription, as in this case, is *634 thirty years, and the time was within three years of expiring when the new law was enacted, (evidently with the intention of shortening the term to one third,) the bar is lengthened seven years, as it cannot become complete until ten years after the passage of the act. But suppose but five years had elapsed when the last statute was passed, then ten years more, instead of twenty-five, as required by the act of 1802, would have perfected the prescription. It is competent for the legislature, upon any change of the law in this respect, to make such special provisions as are deemed expedient, but if a contrary intention is not manifested, the entire term prescribed by the new law must elapse after it takes effect, before the prescription is complete.”
We are of the opinion that the intent of the legislature was to extend the limitation period for both discovered and undiscovered actions which occurred before the effective date of the Act (September 23, 1975) for one year after the effective date of the Act.
The trial court, in granting summary judgment, made a determination that, as a matter of law, the action was barred. This was error, and the judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.