Marvin Michael and Betty J. Michael appeal from a judgment based upon a jury verdict holding that Gunnin Pulpwood, Inc., and a Gunnin driver were not negligent in the operation of a logging truck with which the Michaels collided while driving in the early morning hours of February 28, 1986.
The Michaels present two issues for review: First, whether the jury verdict was "so contrary to the great weight of the evidence that it must have been rendered as a result of bias, passion, prejudice, corruption, or other improper motive against the interest of the Plaintiffs"; and, second, whether misconduct by members of the jury denied the Michaels their constitutional right to a trial by jury. The trial court denied the Michaels' motion for new trial.
The Michaels presented evidence at trial that the rear lights of the Gunnin trailer were not working at the time of the accident, so that they were unable to see the truck in the highway before they struck its trailer from the rear. Gunnin, in turn, presented evidence that the lights on the trailer were operable prior to the accident and that the collision rendered them inoperable and that the Michaels, although driving with their headlights on, contributed to the accident by their own inattention.
Where unchallenged on a "sufficiency of the evidence" ground, jury verdicts are presumed correct, and this presumption is strengthened by the trial court's denial of a motion for new trial. *Page 589 
Therefore, a judgment, based upon a jury verdict and sustained by the denial of a post-judgment motion for a new trial, will not be reversed on a "weight of the evidence" ground unless it is "plainly and palpably" wrong. Ashbee v. Brock, 510 So.2d 214
(Ala. 1987). See, also, Jawad v. Granade, 497 So.2d 471 (Ala. 1986). Upon review of the record, we hold that the challenged verdict is not so against the weight and preponderance of the evidence as to overcome the presumption of correctness attached to the jury's verdict in favor of Gunnin. Thus, the judgment entered on the verdict is not "plainly and palpably" wrong.
Further, the Michaels assign no grounds on appeal that give rise to a suggestion that the jury's verdict was flawed because it resulted from "bias, passion, prejudice, corruption, or other improper motive." City Bank of Alabama v. Eskridge,521 So.2d 931 (Ala. 1988), citing Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986).
As to the second issue, juror misconduct justifies a new trial when it indicates bias or corruption, or when it affects the verdict, or when from the extraneous facts prejudice may be presumed as a matter of law. Whitten v. Allstate Ins. Co.,447 So.2d 655 (Ala. 1984). The Michaels failed to present any evidence to demonstrate misconduct by any member of the jury. The motion for new trial was properly denied.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.