ON APPLICATION FOR REHEARING
This Court's original opinion, dated January 11, 1991, is withdrawn and the following is substituted therefor:
This case involves a suit brought by former clients who allege that their lawyer negligently handled their case. On March 18, 1986, Murray Beasley filed a personal injury suit on behalf of Marvin and Betty Michael against Gunnin Pulpwood, Inc., and Caril Preston Holland. On August 13, 1987, a jury returned a verdict in favor of the defendants and against the Michaels. A judgment was entered on that verdict. *Page 246 
The judgment was affirmed by this Court on September 16, 1988.Michael v. Gunnin Pulpwood, Inc., 533 So.2d 588 (Ala. 1988).
 Facts
On February 26, 1990, the Michaels brought this suit against Beasley, alleging that he had negligently performed legal services while representing them in the Gunnin Pulpwood case. Beasley filed a motion to dismiss and a motion for judgment on the pleadings. After a hearing on the motion to dismiss, the circuit court dismissed the action with prejudice, on the ground that the action had not been timely filed pursuant to Ala. Code 1975, § 6-5-570 et seq.[1]
The issue presented for review is whether the action was timely filed. Resolution of this issue depends on a determination of the correct statute of limitations. The parties and the trial court indicated that the primary section at issue is § 6-5-574, which limits the time for commencing "legal service liability actions" to two years after the act or omission or failure giving rise to the claim. We do not consider whether Beasley was negligent in his representation of the Michaels.
The Michaels argue that the statutory period of limitations commenced to run either on September 16, 1988, when this Court affirmed the trial court's judgment in Gunnin Pulpwood, or on March 22, 1989, when Beasley informed them of the affirmance. Beasley argues that the statutory period of limitations began to run on the date on which the injury resulting from the negligence occurred, which he says was August 13, 1987, when the jury returned the verdict against the Michaels. We affirm the judgment of the trial court for the reasons set forth below.
 Discussion
Section 6-5-574 provides:
 "(a) All legal service liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards;
provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four years after such act or omission or failure; except, that an act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date."
(Emphasis added.)
The Alabama Legal Services Liability Act, § 6-5-570 et seq. (hereinafter "LSLA"), was passed by the Legislature in response to the perceived crisis threatening the delivery and quality of legal services to Alabama citizens. See § 6-5-570. The LSLA, however, applies only to actions against legal service providers based on "acts or omissions accruing [occurring?] after April 12, 1988." § 6-5-581. It is unclear whether the legislature intended the LSLA to apply to acts or omissionsoccurring after April 12, 1988, or causes of actions accruing
after that date. However, in reading § 6-5-574(a) and § 6-5-581
together, in considering the legislative intent expressed in §6-5-570, and in comparing the LSLA to the Alabama Medical Liability Act, § 6-5-480 et seq. (hereinafter "the AMLA) and the Alabama Medical Liability Act of 1987," § 6-5-540 et seq. (hereinafter "the 1987 Act"), we determine that *Page 247 
the legislature intended the LSLA to apply to causes of actions "accruing" after April 12, 1988, and not to acts or omissions "occurring" after that date.[2]
Prior to the passage of the LSLA, this Court had held that the statutory period of limitations applicable to malpractice actions against attorneys at law was six years, pursuant to § 6-2-34(8). Baker v. Ball, 446 So.2d 39 (Ala. 1984); see also T. Hoff, Alabama Limitations of Actions and Notice Provisions
18 (1984), and Note, The Attorney's Liability for Negligence:An Alabama Perspective, 7 Cumb.L.Rev. 69, 71, 79 (1976). Section 6-2-34(8) provides that "[m]otions and other actions against attorneys-at-law for failure to pay over money of their clients or for neglect or omission of duty" must be commenced within six years.
A. The Intent of the Legislature in Passing the LSLA
Before determining the applicable statutory period of limitations in this case, we must first determine the legislature's intent in enacting the LSLA. This Court has stated that in ascertaining legislative intent courts are entitled to consider conditions that may arise under the statutory provisions in question and to examine results that may flow from giving ambiguous language one meaning over another. Studdard v. South Central Bell Tel. Co., 356 So.2d 139
(Ala. 1978); Wright v. Turner, 351 So.2d 1 (Ala. 1977); League ofWomen Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In regard to the LSLA, there appears to be a conflict between §6-5-574(a) and § 6-5-581. In § 6-5-574(a), the legislature stated: "[E]xcept, that an act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date." (Emphasis added.) In § 6-5-581, the legislature provided: "This article applies to all actions against legal service providers based on acts or omissions accruing [occurring?] after April 12, 1988." (Emphasis added.)
In Street v. City of Anniston, 381 So.2d 26 (Ala. 1980), a medical malpractice case, this Court considered whether the statutory period of limitations in effect at the time the cause of action arose or the statutory period of limitations in effect at the time the action was brought applied. In addressing this issue the Street Court examined Ala. Code 1975, § 6-5-482(a), included as part of the AMLA. That subsection provides:
 "(a) All actions against physicians, surgeons, dentists, medical institutions or other health care providers for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act; except, that an error, mistake, act, omission or failure to cure giving rise to a claim which occurred before September 23, 1975, *Page 248 shall not in any event be barred until the expiration of one year from such date."
(Emphasis added.)
In Street, the plaintiff's cause of action accrued[3] on April 15, 1974, when the defendants issued an incorrect pathology report. The plaintiff commenced her action on August 11, 1978, under the AMLA. The defendants moved for summary judgment on several grounds, including the ground that the plaintiff's claims were barred by § 6-5-482(a). In analyzing the question of which statutory period of limitations applied, this Court stated that statutes of limitations are generally viewed as remedial statutes, and that "the statute of limitations in effect at the time the suit is filed, as opposed to one in effect at the time of the accrual of the cause of action, has been held to apply unless the later statute clearly states the contrary." 381 So.2d at 29. See also Watson v. Trail Pontiac,Inc., 508 So.2d 262 (Ala. 1987).
In determining the legislative intent behind § 6-5-482(a), this Court stated:
 "[I]f Code 1975, § 6-5-482, were not intended to shorten the period for bringing an already existing cause of action, the one-year grace period would be unnecessary, for it is only where a newly enacted statute of limitations is intended to apply to causes of action existing at the time of its enactment that a reasonable period of time after enactment must be allowed within which such action may be brought. In recognition of this, some states have adopted a rule that a statute of limitations which permits a reasonable time in which existing causes of action may be sued on [is] deemed retroactive. Therefore, because Code 1975, § 6-5-482(a), was intended by the legislature to limit the time within which causes of action existing at the time of its enactment could be brought to four years, or one year from enactment, whichever is greater, plaintiffs' suits are barred."
381 So.2d at 30.
We believe that the Court in Street was correct in determining that the legislature intended that § 6-5-482(a) replace the prior medical malpractice act, Title 7, § 25(1), Code 1940, and apply retrospectively. Although the Court inStreet addressed only the issue whether the exception language in § 6-5-482(a), language similar to the exception language in § 6-5-574(a), was retrospective or prospective, the case is instructive.[4]
We agree that such language, without more, indicates the legislature's intent that the legislation including that language apply retrospectively. Nevertheless, the inclusion of § 6-5-581 in the LSLA is, to the contrary, evidence that the legislature intended the LSLA to apply prospectively. As stated in N. Singer, 1A Sutherland Statutory Construction § 20.24, at 110 (4th Ed.):
 "The presence or absence of an express provision designating the date on which an act is to take effect may influence decision as to whether the act operates retrospectively or only prospectively. Thus it has been held that 'an Act which fixes a future day as its effective date stamps its prospective character on its face.' "
See also Street v. City of Anniston, 381 So.2d at 29; Websterv. Talley, 251 Ala. 336, 37 So.2d 190 (1948); Sills v. Sills,246 Ala. 165, 19 So.2d 521 (1944); Harlan v. State, 31 Ala. App. 478, 18 So.2d 744 (1947).
If this Court were to view the exception portion of §6-5-574(a) in the LSLA without reference to § 6-5-581, Street
would control and we would hold that the legislature clearly intended the LSLA to apply retrospectively. However, we are confronted with an act that contains a separate provision indicating that the LSLA is to apply prospectively, § 6-5-581. Both provisions are specific, and each indicates a *Page 249 
different legislative intention. Because there is an ambiguity created by the legislature in the LSLA, we must delve further into what the legislature intended in passing this Act.
The general rule of statutory construction is that effect should be given, if possible, to each word and each section of the statute being construed. See Alabama State Board of Healthex rel. Baxley v. Chambers County, 335 So.2d 653 (Ala. 1976); Inre Ashworth, 291 Ala. 723, 287 So.2d 843 (1974). If we were to construe the language in § 6-5-574(a) as controlling, we would essentially nullify § 6-5-581. Conversely, if we were to construe the language in § 6-5-581 as controlling, we would nullify the exception language contained in § 6-5-574(a). Clearly, neither result is what the legislature intended in enacting the LSLA, and it is this Court's duty to give effect to both irreconcilable provisions if such a construction is reasonable. Reid v. City of Birmingham, 274 Ala. 629,150 So.2d 735 (1963). To determine the legislature's intent in passing the LSLA, we must look beyond the language contained in the LSLA. To do this, we compare the LSLA with the AMLA and the 1987 Act.[5]
In comparing the exception language in § 6-5-574(a) in the LSLA to the similar language contained in § 6-5-482(a) of the AMLA, we note that in the AMLA the legislature provided that "an error, mistake, act, omission or failure to cure giving rise to a cause of action which occurs before the effective date of this act shall not in any event be barred until the expiration of one year from the effective date of this act." See Ala. Acts 1975, Act No. 513, p. 1150-51, § 4. The effective date of the AMLA was September 23, 1975; therefore, any potential plaintiff with a cause of action accruing before September 23, 1975, was given until September 23, 1976, before his or her claim was barred under the shorter statute of limitations period. Thus, this provision served its purpose as a saving provision for causes of actions that had accrued before the AMLA was passed. Also, the one-year period was reasonable. Street v. City of Anniston, 381 So.2d 26
(Ala. 1980). See also Reese v. Rankin Fite Memorial Hosp.,403 So.2d 158, 163 (Ala. 1981) (Jones, J., concurring) (in viewing changes in statutes of limitations, the validity of any changes is subject only to the test of reasonableness).
In United States Veterans Administration v. Walker,356 So.2d 631 (Ala. 1978), a medical malpractice case, this Court interpreted the language "except that an error, mistake, act, omission or failure to cure giving rise to a cause of action which occurs before the effective date of this article shall not in any event be barred until the expiration of one year from the effective date of this article" in § 6-5-482(a) of the AMLA. In Walker, this Court stated:
 "Unquestionably, the [plaintiff's] alleged cause of action existed on the effective date of the Alabama Medical Liability Act. If [Code 1940, title 7,] Section 25(1) [the prior statute of limitations] is applicable as the [defendant] urges, the [plaintiff's] cause of action was barred. The [plaintiff] contends that the portion of § 176(10) [the AMLA] which we have emphasized tolled the running of the statute until September 23, 1976, and since his action was filed on August 6, 1976, it was timely. The [defendant] takes the position that even if the emphasized portion of § 176(10) applied, it would apply only to 'undiscovered' *Page 250 
causes of action. The [plaintiff] argues that the phrase 'in any event' shows that the legislature intended to extend the limitation period for an additional year for both discovered and undiscovered malpractice actions, which had not expired on September 23, 1975, the effective date of § 176(10).
"We agree with the [plaintiff]."
Id. at 633. The Court in Walker concluded:
 "We are of the opinion that the intent of the legislature was to extend the limitation period for both discovered and undiscovered actions which occurred before the effective date of the Act (September 23, 1975) for one year after the effective date of the Act."
Id. at 634.
In regard to the LSLA, however, the legislature stated: "[A]n act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date." Ala. Acts 1988, Act No. 88-262, p. 408-09, § 5(1). The effective date of the LSLA was April 12, 1988. Reading these two dates together, one would conclude that a potential plaintiff with a claim that accrued before August 1, 1987, is given until August 1, 1988, to bring an action. If the effective date of the LSLA had been August 1, 1987, then this one-year provision would serve its purpose as a saving provision for causes of action accruing before August 1, 1987. See Reese v. Rankin Fite Memorial Hosp., 403 So.2d 158
(Ala. 1981) (Jones, J., concurring); Street v. City of Anniston,381 So.2d 26 (Ala. 1980). However, the actual period provided by the legislature, i.e., the period between April 12, 1988, and August 1, 1988, provides a potential plaintiff whose claim accrued before August 1, 1987, approximately three and one-half months from April 12, 1988, the effective date of the LSLA, to bring an action before being barred under the new two-year statute of limitations. This period of time is unreasonable. This could not logically be the result intended by the legislature in enacting the LSLA.
In Musgrove v. United States Pipe Foundry Co., 290 Ala. 156, 274 So.2d 640 (1972), on remand, 274 So.2d 644 (1973), overruled on other grounds, Tetter v. State, 358 So.2d 1046
(Ala. 1978), this Court stated that where the legislature in a new statute uses language that has previously been construed by the judiciary, the construction given in a prior decision must be accepted as part of the statute. In addition, this Court may examine any prior statutes or other laws that deal with the same subject in clarifying the legislature's intent. See Boardof Dental Examiners v. King, 364 So.2d 311
(Ala.Civ.App. 1977), reversed on other grounds, 364 So.2d 318 (Ala. 1978).
To prevent finding a statute unconstitutional, this Court has stated:
 "There are occasions when courts must correct or ignore or supply obvious inadvertences in order to give a law the effect which was plainly intended by the legislature. . . ."
Hamilton v. Smith, 264 Ala. 199, 201, 86 So.2d 283, 285 (1956). Additionally:
 "An obvious error in the language of a statute is self-correcting. State Farm Automobile Insurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1975). In such an instance, the Court may substitute the correct word when it can be ascertained from the context of the act. C. Sands, 2A Sutherland Statutes and Statutory Construction § 47.36 (1973)."
Guy H. James Constr. Co. v. Boswell, 366 So.2d 271, 273
(Ala. 1979).
Because the LSLA is clearly modeled after the AMLA and the 1987 Act, we conclude that the legislature intended §6-5-574(a) to apply to a cause of action that accrued before the effective date of the LSLA and that such an action would not in any event be barred until the expiration of one year from that effective date. That is, a cause of action that accrued before April 12, 1988, shall not in any event be barred until the expiration of one year from that date. Compare Ala. Acts 1975, Act No. 513, p. 1150-51, § 4. This one-year saving provision provides a reasonable time for a party with a cause of action accruing before *Page 251 
the effective date of the LSLA, April 12, 1988, to bring a claim. If we were to construe literally the language in §6-5-574(a) with the language in § 6-5-581, we would have only a three-and-one-half-month saving provision. This would be unreasonable, especially in light of the time provided in the AMLA for similarly situated plaintiffs.[6]
Under this construction of the LSLA, we follow the rationale set forth in Street v. City of Anniston, supra, whereby a statute of limitations, which is generally viewed as remedial, is to apply retrospectively. This means that the statute of limitations in effect at the time the suit is filed, as opposed to the one in effect at the time of the accrual of the cause of action, applies. From the foregoing analysis we conclude that the legislature, in enacting the LSLA, a traditional statute of limitations, intended to shorten the time period for bringing an already existing cause of action and that it intended to provide a one-year saving provision, that one year to run from the effective date of the LSLA for all causes of actions accruing before April 12, 1988.
B. Applicable Statutory Period of Limitations
In light of the foregoing discussion, we must now determine whether the Michaels timely filed their action on February 26, 1990. To do this, we must decide when the Michaels' claim against Beasley accrued, i.e., whether it accrued on August 13, 1987, the date of the jury's verdict in Gunnin Pulpwood; on September 16, 1988, the date this Court affirmed the judgment in that case; or on March 22, 1989, the date Beasley informed the Michaels of that affirmance. If the Michaels' action accrued on August 13, 1987, then their claim would be barred under § 6-5-574(a). If, however, the accrual date was September 16, 1988, or March 22, 1989, then their claim would not be barred under § 6-5-574(a) because they would have filed their claim within the two-year limitations period.
In Cofield v. Smith, 495 So.2d 61 (Ala. 1986), the plaintiff appealed from a summary judgment in favor of the defendant attorneys in a legal malpractice action. The defendants had represented the plaintiff in a felony prosecution that resulted in the plaintiff's conviction and sentencing. The plaintiff alleged that the defendants negligently advised him to plead guilty. The defendants denied the allegation and also raised the statute of limitations as an affirmative defense. They filed a motion for summary judgment, which was granted. The issue presented on appeal was whether the plaintiff's action was barred by the statute of limitations. The applicable limitations period was the six-year period in Ala. Code 1975, §6-2-34.
In Cofield, we relied on and quoted Payne v. Alabama CemeteryAss'n, Inc., 413 So.2d 1067 (Ala. 1982), which discussed Alabama's law relating to the accrual of a cause of action:
 " 'The statute . . . will not begin to run until some injury occurs which gives rise to a maintainable cause of action. . . . In actions such as the case at bar, the act complained of does not itself inflict a legal injury at the time it is done, but plaintiff's injury only follows as a result and a subsequent development of the defendant's act. "In such cases, the cause of action 'accrues,' and the statute of limitations begins to run, 'when and only when, the damages are sustained.' " ' "
495 So.2d at 62 (emphasis added). See also Garrett v. RaytheonCo., 368 So.2d 516 *Page 252 
(Ala. 1979). In holding that the plaintiff's action was time barred, this Court stated:
 "The plaintiff's argument is premised on the erroneous assumption that no legal injury could have occurred on December 21, 1978 (the date the plaintiff pleaded guilty, allegedly on the advice of the defendants, and was convicted and sentenced under a legally defective indictment). It was on that date that the plaintiff's cause of action accrued, because it was at that time that the plaintiff would have first suffered a legal injury for which he would have been entitled to commence an action for damages against the defendants. Although the plaintiff's damages may have been compounded subsequently by virtue of the effect which the 1978 conviction had on the punishment enhancement provisions of Alabama's Habitual Felony Offender Act, the statute would, nonetheless, have begun to run on the date the conviction was entered."
495 So.2d at 62-63 (citations omitted). See also Payne v.Alabama Cemetery Ass'n, Inc., supra (statutory period of limitations will not begin to run until a party suffers an injury entitling him or her to maintain a cause of action);Garrett v. Raytheon Co., supra (statutory limitations period begins to run when a party suffers an injury entitling the party to maintain an action).
We hold that in the present case the Michaels' claim accrued at the time of the jury verdict on August 13, 1987. It was at this time that they sustained a legal injury sufficient for them to maintain an action against Beasley. The limitations period should have been measured from the time of the jury verdict on August 13, 1987; therefore the Michaels' claim is barred under § 6-5-574(a) because they failed to file their claim within two years after the accrual of their cause of action. The Michaels filed their action against Beasley on February 26, 1990 — approximately six months after the expiration of the two-year limitations period. Consequently, we affirm the trial court's judgment.
 Conclusion
To summarize, we first hold that the time limits in the LSLA are to be measured from the date of the accrual of a cause of action and not from the date of the occurrence of the act or omission. Second, we hold that the legislature intended that the one year given by the saving provision in Ala. Code 1975, § 6-5-574(a), should be measured from the "effective date" of the Act. The effective date of the LSLA is April 12, 1988. Ala. Code 1975, § 6-5-581. Third, because the legislature measured the saving provision from the effective date (April 12, 1988), which provides a reasonable period of time, we hold that the legislature intended the LSLA to apply retrospectively.
Consequently, § 6-5-574(a) provides that a cause of action against a legal service provider must be commenced within whichever of the following limitations periods would provide the longest time in which to bring an action: (1) within two years after the cause of action accrued; (2) if the cause of action could not reasonably be discovered within two years, then within six months from the date of discovery of the cause of action or the date of the discovery of facts that would reasonably lead to discovery, provided that in no event can the action be commenced more than four years after the cause of action accrued; or (3) if the cause of action accrued before the effective date, then within one year after the effective date of April 12, 1988.[7]
Based on this construction of the LSLA, we conclude that the Michaels' claim was not timely filed.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The trial court's judgment reads as follows:
 "The defendant having filed a Motion to Dismiss and for Judgment on the Pleadings and the Court having held a hearing on said motion and the Court being of the opinion that this cause should be dismissed, this action not having been filed timely, pursuant to Section 6-5-570 et seq., Code of Alabama of 1975, as amended;
 "It is therefore ORDERED that this cause be and it hereby is dismissed with prejudice.
 "Done and ORDERED at Tuscumbia, Alabama, this the 25th day of April, 1990."
[2] In enacting the 1987 Act, Act No. 87-189, Ala. Acts 1987, codified at Ala. Code 1975, § 6-5-540 et seq., the legislature included § 13 (codified at § 6-5-552), a provision similar to §6-5-581: "This article applies to all actions against health care providers based on acts or omissions accruing [occurring?] after June 11, 1987." This Court had previously interpreted the statute of limitations in medical malpractice actions as being based on accrual and not occurrence.
In Street v. City of Anniston, 381 So.2d 26, 31 (Ala. 1980), the Court stated that "the Medical Liability Act contains a traditional statute of limitations, one which commences the running of the statute from the accrual of the cause of action, and is not subject to constitutional infirmity under § 45." (Emphasis added.) See Bowlin Horn v. Citizens Hosp.,425 So.2d 1065 (Ala. 1982); Thomas v. Niemann, 397 So.2d 90 (Ala. 1981) (Jones, J., concurring); Ramey v. Guyton, 394 So.2d 2
(Ala. 1980). This same rationale applies to the LSLA.
[3] See explanation in footnote 2.
[4] It was not until 1987 that the legislature enacted what became § 6-5-552, a provision similar to § 6-5-581 in the LSLA. Consequently, the exact problem presented to the Court in the case at bar did not exist at the time Street was decided.
[5] We note that the LSLA is modeled after both the AMLA, which was enacted in 1975, and the 1987 Act, which was enacted to supplement the AMLA.
In Alabama Industrial Bank v. State ex rel. Avinger, 286 Ala. 59,62, 237 So.2d 108, 111 (1970), this Court stated:
 "To justify a departure from the language of the statute, there must be a moral conviction that its practical effect under existing law, the spirit of the whole statute and its legislative history, as well as the purpose to be accomplished, duly disclose the Legislature could not have intended such result under a rational, sensible construction."
We believe that we are justified in departing from the language in the LSLA and comparing that Act with the AMLA and the 1987 Act, because the legislature could not have intended the result that occurs when one reads the LSLA in its present form.
[6] We recognize an apparent anomaly created by the saving provision. For those persons who, on the effective date of the statute, had less than one year remaining on the six-year limitation period, the effect of the saving clause is to lengthen the time for filing their actions (i.e., to give them more than six years). However, the language of the saving clause suggests that the legislature did not intend to distinguish between those potential plaintiffs whose actions, by the six-year statute, would have been barred within one year of the effective date of the new statute and those potential plaintiffs who, by the six-year statute, could have sued at a time more than one year later than the effective date of the new statute.
[7] We are aware of § 6-5-574(b); however, that subsection is not relevant to the issue in this case. *Page 253