The plaintiffs appeal from a summary judgment in favor of the defendants. We affirm.
The issue is whether the complaint was barred by the statute of limitations.
On August 15, 1984, the plaintiffs, Malb's Associates, Inc., and William Rodopoulos employed attorneys John R. Phillips and Bruce Rice of Phillips and Rice, a partnership, to prepare certain legal documents relative to the plaintiffs' desire to franchise a restaurant business.
On July 31, 1990, the plaintiffs sued their former attorneys, alleging that they committed legal malpractice during their 1984 representation.
The defendants specifically pleaded the statute of limitations. The defendants then filed a motion for summary judgment, claiming that the action was barred by the statute of limitations provided in the Alabama Legal Services Liability Act ("LSLA"), Ala. Code 1975, § 6-5-570 et seq. The trial court granted the motion for summary *Page 165 
judgment in favor of the defendants on January 16, 1991.
The plaintiffs point out that the LSLA was enacted after their cause of action accrued and they therefore argue that it does not apply in their case. They contend that the limitations period applicable to their cause of action is six years, pursuant to § 6-2-34(8), Ala. Code 1975. We disagree.
In Michael v. Beasley, 583 So.2d 245 (1991), this Court held that the statute of limitations in effect at the time suit is filed is applicable as opposed to the one in effect at the time the cause of action accrued. In that case, the Court stated:
 "[T]he legislature, in enacting the LSLA, a traditional statute of limitations, intended to shorten the time period for bringing an already existing cause of action and . . . it intended to provide a one-year saving provision, that one year to run from the effective date of the LSLA [April 12, 1988] for all causes of action accruing before April 12, 1988."
Michael, 583 So.2d at 251.
A cause of action accrues when a plaintiff suffers an injury that entitles him to maintain an action. Michael, supra. In the instant case, the cause of action accrued on or about August 15, 1984, when the defendants were allegedly negligent in providing legal services. Therefore, the plaintiffs' cause of action accrued before the April 12, 1988, effective date of the LSLA. Thus, under § 6-5-574(a), the plaintiffs had one year from April 12, 1988, to file their action. See Michael.
Therefore, their action, filed on July 31, 1990, was time-barred.
The summary judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.