Carolyn Welborn brought this action pursuant to Ala. Code 1975, § 6-5-570, against her former attorney, Robert M. Shipman, alleging that he had negligently handled her Title VII employment discrimination action in a federal court. The trial court entered a summary judgment for Shipman, holding that the action was barred by the applicable statute of limitations. Welborn appeals.
The dispositive issue on appeal is whether, pursuant to Ala. Code 1975, § 6-5-570 et seq., the "Alabama Legal Services Liability Act" ("ALSLA"), Welborn timely filed her action against Shipman.
Shipman, on behalf of Welborn, filed a complaint under Title VII, Civil Rights Act of 1964, against Reynolds Metals Company) ("Reynolds"). A hearing was held on November 27, 1984, in the federal district court. On November 28, 1984, that court entered a judgment in favor of Reynolds, holding that Welborn had failed to establish a prima facie case of sex discrimination. On February 19, 1987, the Eleventh Circuit Court of Appeals reversed the district court's judgment and remanded the case. Welborn v. Reynolds Metals Co.,810 F.2d 1026 (11th Cir. 1987).
On February 27, 1987, Shipman filed in the district court a motion for an evidentiary hearing and made an offer of proof to prove damages for lost fringe benefits and backpay. On April 16, 1987, the district court entered an order, which, in pertinent part, is as follows:
 "[The] United States District Court is now under mandate to enter and render a judgment in this case in favor of plaintiff, Carolyn Welborn, and against the defendant, Reynolds Metals Co., without further evidentiary proceedings, certainly insofar as the issue of liability is concerned. . . . The problem arising, however, with respect to such entry of judgment *Page 335 
in favor of plaintiff Welborn is that the present evidentiary record (comprised of evidence adduced at the bench hearing) provides no factual basis whatever by this Court with respect to the issues of backpay or value of lost fringe benefits. . . . Without question, evidence with respect to these referenced factual issues should have been presented by plaintiff in the November 27, 1984, bench hearing. Is plaintiff Welborn now to be accorded a supplemental evidentiary hearing in this case to permit her to now offer evidence on factual issues with respect to alleged damages sustained by her by reason of defendant's discriminatory refusal to hire her when it was her clear and plain duty to present such evidence in the final bench hearing in this cause and did not do so? . . .
". . . .
 "The Court will entertain written proposals and/or suggestions from counsel of record for the parties with respect to the appropriate evidentiary relief procedure to be followed
to bring this case to an early conclusion. The Court grants counsel 10 days from the date hereof to make such written submissions."
(Emphasis added.)
On October 23, 1987, the district court issued a final judgment in favor of Welborn on her Title VII employment discrimination claim and awarded her the sum of $1.00 as nominal backpay entitlement. The district court held that all issues must be determined on the basis of the evidence presented by the parties on November 27, 1984. Specifically, the district court wrote:
 "[T]he Court this date has entered order in this case . . . denying plaintiff's Motion for Evidentiary Hearing which was filed herein for the obvious purpose of enabling plaintiff at this late hour to present evidence in this case in support of her claim for backpay, and for the purpose of correcting a glaring oversight of plaintiff's counsel of record in the November 27, 1984, final hearing which produced an evidentiary record containing not one iota of evidence supportive of the backpay claim."
Welborn appealed that October 23, 1987, order, and on March 20, 1989, the Eleventh Circuit Court of Appeals affirmed it. Welborn filed the present ALSLA action in the Circuit Court of Lauderdale County on June 6, 1989.
Welborn contends that this action was timely filed, specifically, that it was filed within the two-year statutory period of limitations set out in the ALSLA at § 6-5-574(a). She contends that her cause of action against Shipman did not "accrue" until October 23, 1987, and that, therefore, her June 6, 1989, filing of this case was timely.
The Legislature adopted the ALSLA in 1988 to address a perceived crisis threatening the delivery of legal services to the people of Alabama. It purports to create a unified cause of action against legal services providers and to establish a time limitation in which to sue on such a cause of action. However, considerable ambiguity existed within the ALSLA concerning the time limit and its applicability, and this Court was called upon to resolve conflicts arising from that ambiguity.Michael v. Beasley, 583 So.2d 245 (Ala. 1991).
In Beasley, the attorney, Beasley, filed a personal injury suit on behalf of the Michaels. However, the jury returned a verdict in favor of the defendants and against the Michaels. Subsequently, the Michaels sued their former attorney, Beasley, alleging that he had negligently performed legal services while representing them in the personal injury case.
In Beasley, we held that the time limit set out in the ALSLA is to be measured from the date of the accrual of the cause of action. Further, we stated that a cause of action accrues when some injury occurs that gives rise to a cause of action. There, we held that the Michaels' claim accrued when the jury returned its verdict adverse to the Michaels. We concluded that it was then that the Michaels sustained a legal injury sufficient to maintain an action against Beasley. In so concluding, we cited with approval Cofield v. Smith,495 So.2d 61 (Ala. 1986), and Payne v. Alabama CemeteryAss'n, 413 So.2d 1067 (Ala. 1982). *Page 336 
 "The statute . . . will not begin to run until some injury occurs which gives rise to a maintainable cause of action. . . . In actions such as the case at bar, the act complained of does not itself inflict a legal injury at the time it is done, but plaintiff's injury only follows as a result and a subsequent development of the defendant's act. 'In such cases, the cause of action "accrues," and the statute of limitation begins to run, "when and only when, the damages are sustained." ' "
413 So.2d 1067, 1072 (emphasis in original) (citations omitted).
Here, as in Beasley, the pivotal question is when did the cause of action accrue? Stated otherwise, when did Welborn suffer a legal injury as a result of her lawyer's alleged malpractice? After a review of the applicable cases, we hold that Welborn suffered no legal injury until October 23, 1987. It was at that time that the federal district court, in its discretion, denied Shipman's motion (on behalf of Welborn) for an evidentiary hearing on the issue of backpay and awarded Welborn only $1.00 in nominal damages. Until that time, Welborn could not have maintained an action for legal malpractice against Shipman. In other words, until that time the district court could have granted Shipman's motion for an evidentiary hearing and, if it had done so, there would have been no injury sustained by Welborn, and thus no cause of action. Until the adverse ruling on October 23, 1987, Welborn could not have shown that her failure to recover against Reynolds in the underlying suit was "proximately caused" by Shipman's negligence in not introducing any evidence to support an award of backpay. In fact, until that adverse ruling, she could not have shown that she had failed to recover. There was just no injury resulting from Shipman's omission until the district court's October 23, 1987, final order disallowing additional proof of damages and awarding Welborn only $1.00 in nominal damages.
Therefore, because Welborn filed her ALSLA action on June 6, 1989, well within two years of the date her cause of action accrued, the trial court erred in entering the summary judgment in favor of Shipman based on the statute of limitations.
The judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.