The plaintiff, Joanne C. Ladner, appeals from a summary judgment in favor of the defendant attorney, Samuel W. Inge, in this legal malpractice case. Ladner contends that Inge, while representing her, acted negligently by failing to advise her of the advantages of obtaining mortgages to secure payment of various promissory notes. Ladner argues that by this failure to inform, Inge breached his fiduciary duty and failed to exercise the proper standard of care in his representation. Because Ladner's action was time-barred, we affirm.
Ladner, along with her brothers, Paul M. Cleveland and Claude M. Cleveland, Jr., and her sister, Nan Netherland, inherited equal shares in real estate situated in Saraland, Alabama, as tenants in common.
Sometime in 1967, Paul and Claude Cleveland (the "Clevelands") decided to develop the Saraland property. In pursuit of that goal, the Clevelands purchased the interest of their sisters, Netherland and Ladner. The Clevelands, Ladner, and Netherland discussed the matter and hired Inge to represent the family in the sale of Ladner's interest in the Saraland property to the Clevelands. Inge had represented the family for over 20 years in various matters, including transactions related to the land.
The transfer of Ladner's interest to the Clevelands took place in two separate transactions, one in May 1979, and the other in August 1983. On May 1, 1979, Ladner sold the Clevelands her interest in the southeast corner of the property. In exchange for the purchase, Paul and Claude each executed a separate promissory note in the amount of $56,000, payable in monthly installments. Inge drafted the promissory notes and the warranty deeds. On August 17, 1983, Ladner entered into an option agreement whereby she offered to sell the Clevelands her interest in the southwest and northeast corners of the property and to take a promissory note for the amount of the purchase price. The Clevelands exercised this option on June 1, 1984. At that time, the Clevelands jointly executed a promissory note in the amount of $105,826.74, payable in monthly installments. Inge also drafted this promissory note and a warranty deed. At no time did the parties enter into a mortgage agreement. The promissory notes executed by the Clevelands are now in default.
On May 9, 1990, Ladner filed this malpractice action against Inge. On March 15, 1991, Inge moved for a summary judgment, based on the depositions of the parties and facts deemed to be admitted because of Ladner's failure to respond within 30 days to Inge's request for admissions.
On June 25, 1991, Inge amended his answer to include a statute of limitations defense, and on June 26, 1991, he supplemented his motion for summary judgment to include a statute of limitations defense.
On August 28, 1991, the trial court entered a summary judgment in favor of Inge. Ladner appealed. *Page 1014 
Although the trial court did not state the basis of the summary judgment, the record indicates that Ladner's cause of action was barred under Ala. Code 1975, § 6-5-574.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 "'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quotingSchoen v. Gulledge, 481 So.2d 1094 (Ala. 1985)).
The standard of review applicable to a summary judgment is the same as the standard for ruling on a summary judgment motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilson v.Brown, 496 So.2d 756, 758 (Ala. 1986); Harrell v. ReynoldsMetals Co., 495 So.2d 1381 (Ala. 1986). See also Hanners v.Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
Because this action was not pending on June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that the nonmovant-Ladner-meet her burden by "substantial evidence."Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794,797-98 (Ala. 1989). Under the substantial evidence test the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." Schwarzer,Summary Judgment Under the Federal Rules: Defining GenuineIssues of Material Fact, 99 F.R.D. 465, 481 (1982).
Ala. Code 1975, § 6-5-574, provides:
 "(a) All legal service liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards;
provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four years after such act or omission or failure; except, that an act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date."
(Emphasis added.)
In Michael v. Beasley, 583 So.2d 245 (Ala. 1991), this Court, considering the intent of the legislature in passing the Legal Services Liability Act ("LSLA"), stated:
 "[W]e first hold that the time limits in the LSLA are to be measured from the date of the accrual of a cause of action and not from the date of the occurrence of the act or omission. Second, we hold that the legislature intended that the one year given by the saving provision in Ala. Code 1975, § 6-5-574(a), should be measured from the 'effective date' of the Act. The effective date of the LSLA is April 12, 1988. Ala. Code 1975, § 6-5-581. Third, because the legislature measured *Page 1015 
the saving provision from the effective date (April 12, 1988), which provides a reasonable period of time, we hold that the legislature intended the LSLA to apply retrospectively.
 "Consequently, § 6-5-574(a) provides that a cause of action against a legal service provider must be commenced within whichever of the following limitations periods would provide the longest time in which to bring an action: (1) within two years after the cause of action accrued; (2) if the cause of action could not reasonably be discovered within two years, then within six months from the date of discovery of the cause of action or the date of the discovery of facts that would reasonably lead to discovery, provided that in no event can the action be commenced more than four years after the cause of action accrued; or (3) if the cause of action accrued before the effective date, then within one year after the effective date of April 12, 1988."
Id. at 252.
We must conclude that Ladner's complaint, filed on May 9, 1990, was not timely. In this case, the transfer of Ladner's interest to the Clevelands took place in two separate transactions. (1) On May 1, 1979, Ladner sold her interest in the southeast corner of the property; and (2) on June 1, 1984, she sold her interest in the southwest and northeast corners of the property, taking a promissory note, pursuant to the option agreement. Promissory notes were drafted and warranty deeds were executed at those times. A cause of action accrues, and the statutory period of limitations begins to run, when the person is injured or when damages are sustained. Malb'sAssociates, Inc. v. Phillips, 589 So.2d 164 (Ala. 1991);Cofield v. Smith, 495 So.2d 61 (Ala. 1986); Garrett v. RaytheonCo., 368 So.2d 516 (Ala. 1979); Michael, supra. Ladner sustained the alleged injury or damage in regard to both transactions when she accepted the unsecured promissory notes and delivered the warranty deeds. Therefore, Ladner's cause of action accrued for the first transaction on May 1, 1979, and for the second transaction on June 1, 1984. Ladner was injured or damaged and her cause of action accrued at those times because she was committed to receive unsecured promissory notes, which are less valuable than promissory notes secured by mortgages. In addition to having no security interest and having her claims vulnerable to the priority enjoyed by holders of other claims, Ladner could not sell or assign the unsecured promissory notes in the same manner as she could have sold or assigned a note secured by a mortgage; nor could she have transferred it for a comparable value. See Federal Land Bank ofNew Orleans v. Branscomb, 213 Ala. 567, 105 So. 585 (1925);Smith v. Lusk, 119 Ala. 394, 24 So. 256 (1898).
Application of the first limitations period set out inMichael, supra ("within two years after the cause of action accrued") means that the statutory period of limitations ran for the first transaction on May 1, 1981, and for the second transaction on June 1, 1986. Given that these causes of action accrued more than four years before Ladner filed her action, the six-months-from-discovery rule is not applicable. Therefore, the application of the second limitations period set out in Michael ("if the cause of action could not reasonably be discovered within two years, then within six months from the date of discovery of the cause of action or the date of the discovery of facts that would reasonably lead to discovery, provided that in no event can the action be commenced more than four years after the cause of action accrued") means that the limitations period expired on Ladner's first transaction on May 1, 1983, and for the second transaction on June 1, 1988. Finally, application of the third limitations period set out inMichael ("if the cause of action accrued before the effective date, then within one year after the effective date of April 12, 1988") means that, at the latest, the limitations period expired on April 12, 1989.
Even under the most liberal application of the LSLA, Ladner would have had to file her action by April 12, 1989. Because Ladner *Page 1016 
did not sue until May 9, 1990, her action is time-barred.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.