Attorney Frederick A. Erben represented Jerome Scott Adams in April 1988 when Adams pleaded guilty to murder. The trial court accepted the guilty plea and sentenced Adams to 17 years in prison. After being sentenced, Adams filed a petition for relief pursuant to Temp. Rule 20, Ala. R.Crim. P., now Rule 32 (hereinafter referred to as the Rule 32 petition). Among his stated grounds for relief, Adams claimed he had received ineffective assistance of counsel and that the trial court did not have jurisdiction over the case. A hearing was held on the matter on November 20-21, 1990, and the trial court denied the petition on December 7, 1990.
On November 20, 1995, Adams, acting pro se, sued Erben pursuant to the Alabama Legal Services Liability Act (ALSLA), § 6-5-570 et seq., Ala. Code 1975. Erben filed a motion asking the trial court to dismiss the action on the basis that it was time barred. The trial court agreed and dismissed the action. Adams, still acting pro se, appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to §12-2-7(6), Ala. Code 1975.
Adams contends that because he is a prisoner currently serving a 17-year sentence, the operation of the statute of limitations on his claim was suspended. Specifically, he claims that under § 6-2-8, Ala. Code 1975, he has "until the termination of the disability" to bring his action.
Section 6-5-574, Ala. Code 1975, sets forth the applicable statute of limitations in actions brought pursuant to the ALSLA. The statute provides:
 "(a) All legal service liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four years after such act or omission or failure; except, that an act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date.
 "(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to computation of statutory periods of limitations for the commencement of actions, namely Section . . . 6-2-8 . . .; provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission, or failure complained of;
except, that in the case of a minor under fours years of age, such minor shall have until his or her eighth birthday to commence such action."
§ 6-5-574, Ala. Code 1975 (emphasis added).
In his complaint, Adams alleges that Erben breached his attorney-client privilege during the hearing on his Rule 32 petition on *Page 596 
November 20 and 21, 1990. Without Erben's testimony that the murder had occurred in Shelby County, Adams says, the State could not prove that the Shelby Circuit Court had jurisdiction over his case. Adams claims that Erben did not consult with Adams before testifying; thus, Adams says, the attorney client privilege was breached. The trial court denied Adams's petition on December 7, 1990. The Alabama Court of Criminal Appeals affirmed the trial court's judgment. Adams v. State,587 So.2d 1108 (Ala.Crim.App. 1991).
A cause of action accrues when some injury occurs that gives rise to a cause of action. See Michael v. Beasley,583 So.2d 245 (Ala. 1991) (plaintiff's claim under the ALSLA accrued when the jury returned its verdict). See also Welborn v. Shipman,608 So.2d 334 (Ala. 1992); Leighton Avenue Office Plaza, Ltd. v.Campbell, 584 So.2d 1340 (Ala. 1991). Therefore, in this case, the cause of action arose on the day that the trial court denied Adams' Rule 32 petition — December 7, 1990. Under §6-5-574(b), Adams had, at most, four years from that day in which to bring an action pursuant to the ALSLA, § 6-2-8
notwithstanding. However, Adams did not file his complaint until nearly five years later — November 20, 1995. Therefore, Adams's action filed pursuant to the ALSLA was time barred. The trial court properly dismissed it.
Adams raises other issues regarding the alleged breach of the Rules of Professional Conduct and whether the alleged breach violated his constitutional rights. However, because we have determined that Adams's action is time barred, we need not reach those issues.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.