108 So.2d 385

**William Thomas HESTER**

v.

**STATE.**

**8 Div. 348.**

Court of Appeals of Alabama.

Jan. 13, 1959.

124

Howell T. Heflin, Tuscumbia, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of operating upon a public highway of this State, a motor vehicle with the load thereon of greater width than eight feet, in violation of the terms of Section 89 of Title 36, Code 1940, the pertinent provisions of which are: "It shall be unlawful for any person to drive or move on any highway in this state any vehicle or vehicles of a size or weight except in accordance with the following provisions: (a) Width. No vehicle shall exceed a total outside width including any load thereon of eight feet."

Appellant contends he was exempt from prosecution under the terms of Section 90, Title 36, Code, supra, the applicable part of which is as follows: " * * *; nor shall the provisions of this article apply to implements of husbandry temporarily propelled or moved upon the highways, * * *."

On June 23, 1957, appellant was driving a truck on a public highway in Colbert County. On the truck there was loaded a bulldozer with blades, according to the arresting officer, extending to a width of nine and one-half feet.

On cross examination patrolman Cook testified a bulldozer is used in construction work; that he had done a great deal of farming and had never seen a bulldozer used for farm work except in clearing new ground.

Defendant testified he had been operating the bulldozer to clear trees from a half acre of land for A. W. Todd and was returning it to Russellville when arrested by the Highway Patrol. He stated Mr. Todd told him the land was to be planted in turnips.

In Reaves v. State, 121 Tex.Cr.R. 488, 50 S.W.2d 286, 287, where the defendant was convicted of operating upon a public

highway a motor vehicle of forbidden length, and he defended on the proposition that he was exempt under the provisions of the statute that the limitations as to the size of vehicles did not apply to implements of husbandry, the court said: "An implement of husbandry is something necessary to the carrying on of the business of farming, etc., without which the work cannot be done." Citing 31 Corpus Juris, p. 256. See also 42 C.J.S. p. 404.

Counsel has not referred us to nor have we found a decision of any court which passes on the subject of a bulldozer as an implement of husbandry.

Webster's New International Dictionary defines a bulldozer as an "Upsetting machine, as a forging or bending press."

"A 'bulldozer' is a blade, the arms of which are fastened to a tractor. The blade is fastened onto a caterpillar tractor by heavy steel arms which hold the blade in front of the tractor. Eldredge v. Sargent, 96 P.2d 870, 871, 150 Kan. 824". Words and Phrases, Cum.Pocket Part.

In the Eldredge case [150 Kan. 824, 96 P.2d 871] the bulldozer was used "in excavating and digging slush ponds on oil leases."

In support of his insistence that a bulldozer is an implement of husbandry, appellant's counsel cites two cases which he contends indicate that trucks or tractor chassis, which can be used for other than agricultural purposes are implements of husbandry when used for such purposes. These cases are: Allred v. J. C. Engelman, Inc., 123 Tex. 205, 61 S.W.2d 75, 91 A.L.R. 417 and Hickman v. Hickman, 149 Tex. 439, 234 S.W.2d 410.

In Allred v. J. C. Engelman, Inc., supra [123 Tex. 205, 61 S.W.2d 77], the commissioner, whose opinion was adopted as the opinion of the court, found:

"From the agreed statement as to the design of these trucks and the pictures submitted therewith it is seen that they are not ordinary commercial trucks nor are they adapted to use as such. The water trucks are designed for the sole purpose of carrying water for irrigation purposes, and because of their design could hardly be used for any other purpose. It is shown by the record that the tract in question was in that section of the state which requires irrigation in order to make the land productive. It is also shown that no irrigation ditch was available to provide water to this particular tract. Obviously, with these facts in mind, the defendant in error has obtained these trucks and designed them for the purpose of carrying the water which is necessary to make the land productive. It is hard to conceive of any motor vehicle which could more nearly be designed primarily for agricultural purposes. In like manner the gasoline carriers have been designed by their owner for the particular use to which they are being put, and without which the tractors in the orchards and fields would be rendered useless. While they might conceivably be put to other uses, they were designed primarily and used exclusively for agricultural purposes.

"From the agreed statement of facts there is no question but that all the vehicles mentioned in the pleadings are being used exclusively for the purpose of making the particular tract of land more productive of the particular crops to which it is adapted. We are satisfied that the vehicles here in question were both primarily designed and used as implements of agriculture."

In Hickman v. Hickman, supra [149 Tex. 439, 234 S.W.2d 414], the court held that a combine used as a thresher was exempt to the widow and minor daughter of deceased owner as an "implement of husbandry."

The court said this was also true of two trailer chassis which the uncontroverted testimony showed were purchased for use in connection with farm and ranch operations, though never used, due to the death of the owner.

In People v. Pakchoian, 114 Cal.App. 2d Supp. 831, 250 P.2d 767, a Le Tourneau scraper or carry-all, designed for automatic pick up and moving of free earth, without regard to whether the removal of earth was on the farm, in leveling building sites, airports or other industrial uses, was held not exempt from registration as an implement of husbandry, although defendant testified without contradiction that he actually used it only for farm leveling and scraping.

■ We conclude from a reading of the above noted cases that an "implement of husbandry" is one which is used primarily for and is necessary to the operation of farming. Whether a given article is an implement of husbandry depends on the facts of any particular case. It does not appear from the evidence that the bulldozer was an implement of husbandry. The evidence is sufficient to support the conviction and the judgment must be affirmed.

■ There was no error in sustaining the State's objection to the question to defendant: "When you were running it before, what were you running it for?"

Affirmed.