302 So.2d 844

**STATE of Alabama DEPARTMENT OF PUBLIC SAFETY et al.**

**v.**

**SCOTCH LUMBER CO., INC., a corp., et al.**

**SC 747.**

Supreme Court of Alabama.

Nov. 7, 1974.

William J. Baxley, Atty. Gen., and George Beck, Deputy Atty. Gen., and Leon Ashford, Asst. Atty. Gen., for appellants.

McCorquodale & McCorquodale, Jackson, and D'Wayne May, Butler, for appellees.

FAULKNER, Justice.

This is an appeal from an order of the trial court granting a preliminary injunction. The appellants-defendants below— were enjoined from enforcement of §§ 89 and 90, Title 36, Code of Alabama 1940, Recompiled 1958, and the penalty provisions of Title 36, against haulers or carriers of unmanufactured forest products upon the public highways in Clarke, Washington, and Choctaw Counties. Bond was set in the amount of $2,500.

The complaint as last amended alleged in substance:

(1) that defendants, by causing the plaintiffs to be weighed pursuant to the truck weight statute, were acting beyond the scope of their authority or were acting illegally;

(2) that defendants were acting under a mistaken interpretation of the law and were acting tortiously on the rights of plaintiffs and were injuring them irreparably;

(3) that because log trucks and pulpwood trucks were vehicles which were used primarily and necessarily in the operation of farming, they were "implements of husbandry" and were exempt from the truck weight statute, § 90, Title 36, Code of Alabama 1940, Recompiled 1958, which exempts "implements of husbandry temporarily propelled or moved upon highways."

The defendants filed a motion for a change of venue to Montgomery County on

the ground that the individual defendants were State officials officially residing in Montgomery County. The court denied the motion. Next, the defendants filed a plea of jurisdiction alleging the action against the State of Alabama was prohibited by the Constitution of Alabama. This plea was overruled. Finally defendants filed a motion to dismiss on the ground that plaintiffs failed to state a cause of action and plaintiffs will not suffer any irreparable injury as a result of any acts of defendants; that defendants were not acting without the scope of their authority by enforcing the truck weight statutes against plaintiffs.

The evidence before the court consisted of testimony by two witnesses engaged in the business of transporting pulpwood from the severance point to the mill. Both witnesses testified their business had been affected financially by payment of fines in violation of the truck weight statute, and that compliance with the truck weight statute affected their business financially. The witnesses testified because of the enforcement of the weight law their drivers were being harassed and that their drivers were reluctant to work. They further testified a greater problem was created with the present gasoline shortage because of the reduced weight load. One witness testified that much confusion exists among the drivers because of the inability to determine what each different load weighs, and the inconsistency that is apparent from one set of scales to another. The testimony revealed that the truck-trailer combination used in hauling pulpwood could not be used for any other purpose.

■ In reviewing an order granting a temporary injunction, we proceed under the premise that a trial judge has wide discretion in granting the writ, and his ruling will not be reversed unless he has abused his discretion, or exercised his discretion in an arbitrary manner. Madison Limestone Co. v. McDonald, 264 Ala. 291, 87 So.2d

545 (1956); Western Grain Co. Cases, 264 Ala. 145, 85 So.2d 395 (1955). The granting of the preliminary injunction in the present case, though prohibitory in nature, has the effect of granting plaintiffs all the relief they could obtain upon a final hearing. Consequently, the temporary injunction should issue only where the rights of the plaintiffs are clear and unmistakable under the law and facts of the case. City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550 (1938).

The primary question to be answered in this case is whether the plaintiffs are exempt from enforcement of the truck weight law on the public highways of Alabama. Section 89, Title 36, Code of Alabama 1940, Recompiled 1958, limits the weight for any one axle of a vehicle to 18,000 pounds, or "such other weight, if any, as may be permitted by federal law to keep the state from losing federal funds."

Section 90 of this title provides:

"There shall be exempt from the provisions of this article motor trucks, semi-trailer trucks or trailers, owned by the United States, or any agency thereof, the State of Alabama, or any county or city, or incorporated town; *nor shall the provisions of this article apply to implements of husbandry temporarily propelled or moved upon the highways.*" (Emphasis added.)

■ It is not questioned that pulpwood can be classified as husbandry. Pulpwood farming is a major industry of Alabama. And, it can not be questioned that a truck specifically designed for hauling pulpwood from the point of severance to the mill is an implement of husbandry. An "implement of husbandry" is something necessary for carrying on the business of farming, without which the work could not be done. Hester v. State, 40 Ala.App. 123, 108 So.2d 385 (1959). See Vol. 20, Words and Phrases, Permanent Edition, p. 322. Even though these trucks are implements

of husbandry, we are of the opinion they are not exempt from the truck weight law under the facts of this case. The key words in § 90 are *"implements of husbandry temporarily propelled or moved."* It is reasonable to conclude that when the legislature enacted § 90, it envisioned that in the operation of farming it is often necessary to move vehicles or machines used in farming from one farm to another, or from one area to another, covering a limited distance. And, it is often necessary that they move or be moved for a brief period of time upon a public highway. But, we are not convinced that the legislature would exempt overweight pulpwood trucks traveling unlimited distances on the public highways in three counties from farm to market on a permanent or regular basis. Cf. Wood Bros. Thresher Co. v. Eicher, 231 Iowa 550, 1 N.W.2d 655 (1942).

The obvious purposes for enacting truck weight laws is for the safety of the public, and keeping highways in good condition for the traveling public. Travel upon the highways must be as safe as it can reasonably be made consistent with their efficient use. Any overloaded truck creates a safety hazard upon the public highway, as well as contributing to a bad state of repair.

We conclude that since the trucks (implements of husbandry) were not temporarily being moved or propelled upon the public highway, they are subject to the provisions of the truck weight law of this State. Loss of profits does not justify the issuance of an injunction.

Since the case is being reversed for the reasons stated in this opinion, we pretermit discussion of the other assignments of error.

The injunction is dissolved.

Reversed and rendered.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.