Harbin and Tony Garrett appeal from a summary judgment entered for Alfa Mutual Insurance Company ("Alfa"). We reverse in part, and remand the case to the trial court.
Early on the morning of November 24, 1988, Jerry Alexander and his son Jonathan traveled to Harbin Garrett's farm to go on a hunting trip with Harbin Garrett and his son/employee, Tony. They made the trip in Harbin Garrett's 1972 Ford Bronco motor vehicle. Jerry Alexander contends that while he was in the back of the Bronco, Tony caused the Bronco to lurch forward and to throw him to the ground. Jerry sustained substantial injuries, including brain damage, as a result of his fall. He and his wife Jelyeen Alexander sued Harbin and Tony Garrett, alleging that they had been negligent and that their negligence had caused Jerry's injury.
Alfa sought a judgment declaring that the farmowner's and automobile policies issued to Harbin Garrett provided the Garretts no coverage as to the alleged accident, and that it had no duty to defend the suit filed by the Alexanders. The Garretts argued that the farmowner's policy did provide coverage. Under the policy, Alfa insured against liability arising out of the use of "farm implements," and the Garretts argue that the Ford Bronco was a farm implement.
The trial court entered a summary judgment for Alfa, declaring that it had no duty to defend and insure under the farmowner's policy.[1]
The farmowner's policy issued to Harbin Garrett contained the following liability provision:
 "We will pay, up to our limit of liability, all sums arising out of any one loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this policy." (Emphasis in original.)
The policy also contained certain exclusions, the one pertinent to this case being the following:
 "Under Personal Liability Coverage and Medical Payments to Others Coverage, we do not cover:
 "1. Bodily injury or property damage arising out of the ownership, operation, maintenance, use, loading or unloading of:
 "(a) any type of aircraft, glider or balloon, and their facilities;
 "(b) land motor vehicles designed for use on public roads, or subject to motor vehicle registration, owned or operated by or rented or loaned to an insured person. *Page 1329 
 "We do provide coverage if the land motor vehicle is not subject to motor vehicle registration because it is:
 "(1) used exclusively on the residence premises;
or
 "(2) kept in dead storage on the residence premises.
 "We do cover the following except while being towed by or carried on a land motor vehicle:
"(1) utility, boat, camp or travel trailer;
"(2) crawler or farm type tractor;
"(3) farm implement;"
(Emphasis in original.)
We must first decide whether these policy provisions create an ambiguity. The Garretts argue that the Bronco qualifies as a "farm implement" because, they say, they make extensive use of the Bronco on the farm to perform such tasks as towing corn and hay wagons and pulling out stuck tractors. The Garretts say that the Bronco was equipped with a winch and "mud tires" (tires not designed for normal road use) and that this fact supports their position that the Bronco was a "farm implement."
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. The trial court must determine: 1) that there is no genuine issue of material fact; and 2) that the moving party is entitled to a judgment as a matter of law. See RHN, Inc. v. Beatty,571 So.2d 1039 (Ala. 1990). The trial court must view a motion for summary judgment in the light most favorable to the nonmovant, and in reviewing a summary judgment this Court is limited to reviewing the factors and the evidence considered by the trial court when it granted the motion. Turner v. Systems Fuel, Inc.,475 So.2d 539 (Ala. 1985).
Rule 56 is to be read in conjunction with the "substantial evidence rule" for actions filed after June 11, 1987. See Alabama Code 1975, § 12-21-12, Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Therefore, in order to defeat Alfa's properly supported motion for summary judgment, the Garretts must present "substantial evidence" that the Bronco in question was a farm implement; this the Garretts have done. They have presented "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
We have not previously decided whether a vehicle like a Bronco may be considered a farm implement. A few states have done so.[2] The policy involved in the case of Heitkamp v. MilbankMutual Insurance Co., 383 N.W.2d 834 (N.D. 1986), contained language similar to that of the policy in our present case. There the policy stated that its liability coverage did not apply:
 "to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
". . . .
 "(2) any motor vehicle owned or operated by, or rented or loaned to any Insured; . . ."
"Motor vehicle" was defined as:
 "a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include, except while being towed by or carried on a motor vehicle, any of the following: utility, boat, camp or home trailer, recreational motor vehicle, crawler or farm type tractor, farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads."
383 N.W.2d at 836. (Emphasis added.)
The North Dakota Supreme Court stated: *Page 1330 
 "An ambiguity exists when good arguments can be made for either of two contrary positions as to the meaning of the term in a document. Grove v. Charbonneau Buick-Pontiac, Inc., 240 N.W.2d 853
(N.D. 1976). When a clause or term in a contract is ambiguous, it may be construed with reference to the circumstances under which the contract was made. Kruger v. Soreide, 246 N.W.2d 764 (N.D. 1976). The determination of whether or not a contract is clear and unambiguous is a question of law for the court to decide. Schulz v. Hauck, 312 N.W.2d 360
(N.D. 1981).
". . . .
 "The term 'implement' is defined, in relevant part, in Webster's New World Dictionary (2d Ed. 1980) as 'any article or device used or needed in a given activity.' The pickup was purchased and owned by Jerome [Heitkamp] for use on the family farm and it was depreciated by Jerome [Heitkamp] on his income tax filings as an expense of the farming operation. Although prior to the accident Richard [Heitkamp] often used the pickup for his own non-farm purposes, Jerome [Heitkamp] had instructed Richard that the farm partnership had priority use of the pickup.
". . . .
 "Consequently, we believe that good arguments can be made for either including or excluding the 1973 Chevrolet pickup from the classification of 'farm implement' under the policy issued by Milbank to Jerome. We conclude, therefore, that the trial court did not err in determining that the contract was ambiguous, in allowing extrinsic evidence of the parties' intent, or in submitting the issue to the jury."
383 N.W.2d at 837.
An insurance company has the right to limit its liability and write a policy with narrow coverage, but if the insurance contract contains ambiguous language, then that language will be construed liberally in favor of the insured and strictly against the insurance company. Ho Brothers Restaurant v. AetnaCas. Sur. Co., 492 So.2d 603, 605 (Ala. 1986). Whether an insurance policy is ambiguous is a question of law for the trial court. Continental Electric Co. v. American Emp. Ins.Co., 518 So.2d 83, 85 (Ala. 1987), cert. denied, 486 U.S. 1023,108 S.Ct. 1997, 100 L.Ed.2d 228 (1988). If the trial court determines that the contract is ambiguous:
 " 'and one of the parties makes an offer of proof as to surrounding facts and circumstances which would clarify the contract's meaning, [then] it is within the province of the jury to ascertain those facts and draw such inferences from them as necessary to the interpretation of the contract, upon proper instructions by the court.' "
Thomas v. Principal Financial Group, 566 So.2d 735, 738
(Ala. 1990), quoting Alpine Constr. Co. v. Water Works Bd. ofthe City of Birmingham, 377 So.2d 954, 956 (Ala. 1979).
Just as the Heitkamp policy was ambiguous concerning coverage, so is the Alfa policy in issue. In drafting the policy, Alfa attempted to define "motor vehicle," but made no attempt to define "farm implement." Because Alfa drafted the policy, any ambiguity regarding liability should be construed in favor of the Garretts. Ho Brothers Restaurant, supra.
In Heitkamp, there was evidence that the pick-up truck had been purchased for use on the Heitkamp farm, had been so used, and had been depreciated for income tax purposes. The North Dakota Supreme Court held that that evidence was substantial evidence to support a jury's finding that the pick-up was a farm implement, notwithstanding the fact that there was evidence of some personal, nonfarm use of the truck. In the case before us, there was evidence that the Garretts had modified their Bronco (by installing "mud tires" and a winch) so that it could assist with farm tasks; there was evidence that Harbin Garrett would not even use the Bronco for tasks off the farm, such as going to town to pick up seed and fertilizer. In his deposition, Harbin stated that when the Bronco was not being used to pull out tractors, or for similar purposes, it was parked and not *Page 1331 
used. Harbin also said that in the four years he had owned the Bronco there had been only four times when it had been used for nonfarm purposes. These four incidents of nonfarm use consisted of hunting trips, and even then these trips, Harbin said, did not involve traveling on a public road but merely crossing a road. Fair-minded persons, in the exercise of impartial judgment, could reasonably infer that the Bronco was a farm implement, based upon the evidence within the record. The Garretts produced substantial evidence to defeat Alfa's summary judgment motion.
In Utah Farm Bureau Mutual Insurance Co. v. Orville Andrews Sons, 665 P.2d 1308 (Utah 1983), the Utah Supreme Court affirmed a summary judgment in favor of a policyholder that declared, as a matter of law, that a truck involved in a traffic accident on a public highway was a farm implement, and, therefore, not excluded from a liability policy.[3] The Utah Supreme Court noted that the insurance contract before it (like the Alfa contract) provided no definition of the term "farm implement":
 "However, husbandry is a term which is synonymous with farming; and, U.C.A., 1953, § 41-1-1(m) in our motor vehicle act defines an 'implement of husbandry' as:
 " 'Every vehicle which is designed for agricultural purposes and exclusively used by the owner thereof in the conduct of his agricultural operations.' "
665 P.2d at 1310. The Utah court looked to a statute (§41-1-1(m)) as a basis for affirming the summary judgment, noting that the feeder truck at issue met the statutory definition of "implement of husbandry" (and, therefore, was a farm implement).
Alabama also has a statutory definition of "implement of husbandry," found at Ala. Code 1975, § 32-1-1.1(25):
 "IMPLEMENT OF HUSBANDRY. Every vehicle designed and adapted exclusively for agricultural, horticultural or livestock raising operations or for lifting or carrying an implement of husbandry and in either case not subject to registration if used upon the highways."
In Hester v. State, 40 Ala. App. 123, 108 So.2d 385 (1959), the Court of Appeals noted: 1) that an implement of husbandry is an implement that is used primarily for, and that is necessary to, the operation of farming; and 2) whether something is or is not an implement of husbandry depends upon the facts of the case. The facts of the case before us may establish that the Bronco is a farm implement, and a jury must be allowed to decide if they do. Thomas, supra. Therefore, we reverse the summary judgment insofar as it was based on a determination that there was no coverage under the farmowner's policy.
Besides holding that the Alfa farmowner's policy did not provide coverage under these facts, the trial court also held that the Garretts were entitled to summary judgment in their favor on the question of whether there was coverage under their respective automobile policies. Harbin Garrett is insured under two automobile policies owned by him. Tony Garrett is insured under a policy which he purchased to cover his automobile. Tony Garrett is also an insured, because he is a family member living in the same household as his father, Harbin Garrett, under Harbin Garrett's automobile policies. We *Page 1332 
affirm the judgment of the trial court with regard to coverage under the automobile policies.
The summary judgment is affirmed insofar as it determined that the Garretts had coverage under their automobile policies. The judgment is reversed insofar as it holds that the Garretts had no coverage under the farmowner's policy, and the cause remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and ADAMS, KENNEDY and INGRAM, JJ., concur.
ALMON, HOUSTON and STEAGALL, JJ., dissent.
[1] Alfa had also sought a declaration that its automobile insurance policies issued to Harbin and Tony Garrett provided no coverage for Jerry Alexander's accident. The trial court ruled that those policies did provide coverage.
[2] Those reported cases addressing the question whether a motor vehicle is a farm implement are the following: Rockford MutualInsurance Co. v. Schuppner, 182 Ill. App.3d 898, 131 Ill.Dec. 357, 538 N.E.2d 732 (1989); Walle Mutual Insurance Co. v.Sweeney, 419 N.W.2d 176 (N.D. 1988); North Star Mutual InsuranceCo. v. Holty, 402 N.W.2d 452 (Iowa 1987); Heitkamp v.Milbank Mutual Insurance Co., 383 N.W.2d 834 (N.D. 1986); UtahFarm Bureau Mutual Insurance Co. v. Orville Andrews Sons,665 P.2d 1308 (Utah 1983).
[3] The policy contained language that, once again, is quite similar to the language at issue before us:
"This policy agreement does not apply:
 "2. under Coverages F1, F2, G, H, I, or J to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: b. any automobile owned or operated by, or rented or loaned to any insured; but this subsection b. does not apply to bodily injury or property damage occurring on the insured premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the insured premises. . . ."
The policy before the Utah court defined "automobile":
 "Automobile means a land motor vehicle, trailer, or semi-trailer, but the word automobile does not include any crawler or farm type tractor, farm implement and, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads. . . ."
665 P.2d at 1309.