This case involves the interpretation of an attorney's professional malpractice insurance policy. The insurance claim arose out of a case that attorney Joseph W. Hutchinson III handled for a client, Clara E. Bryant. Hutchinson filed an action based on the alleged wrongful death of Bryant's husband; he filed it on February 19, 1987, one day after the statutory period of limitations had expired. In September 1989, Hutchinson purchased professional malpractice insurance from Attorneys Insurance Mutual of Alabama, Inc. ("AIM"). The policy went into effect on November 27, 1989, and was renewed each year thereafter. The policy excluded from coverage claims "arising from any acts, errors, omissions, or personal injuries occurring prior to 27 November 1989."
On January 8, 1990, the Circuit Court of Marengo County dismissed the wrongful death action as time-barred. Bryant filed a malpractice action against Hutchinson on January 6, 1992. When AIM denied coverage, based on the "prior acts exclusion," Hutchinson filed a declaratory judgment action, asking the trial court to construe the policy. He contended that the language in the prior acts exclusion was ambiguous and, therefore, must be construed to provide coverage for him. Each party moved for a summary judgment. The trial court found no ambiguity in the provision and entered a summary judgment for AIM. Hutchinson appealed.
The dispositive issue is whether the prior acts exclusion is ambiguous. If so, would a proper construction of that exclusion allow coverage for the legal malpractice claim against Hutchinson? *Page 976 
The determination of whether a provision of an insurance policy is ambiguous is a question of law for the court.Garrett v. Alfa Mutual Ins. Co., 584 So.2d 1327 (Ala. 1991);Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548
(Ala. 1985). Hutchinson argues that the "act, error, or omission" that was the basis of the action against him occurred on January 8, 1990 (within the policy period), when the circuit court dismissed Bryant's wrongful death action as barred by the statute of limitations. However, Hutchinson performed no "act" and committed no "error" or "omission" on the day the court dismissed the Bryant action. The act, error, or omission sued on occurred on the date the statutory limitations period for filing the wrongful death claim expired.
The limitations period under the Legal Services Liability Act begins to run on the date of the accrual of the cause of action. Michael v. Beasley, 583 So.2d 245 (Ala. 1991). Hutchinson fails to recognize the distinction between the accrual date, as applied in statute of limitations cases, and the date of the act, error, or omission of an insured. This Court expressly recognizes two separate and distinct issues: the accrual date for statute of limitations purposes, and the date of the act or omission upon which a cause of action is based. Michael at 245; Brewer v. Davis, 593 So.2d 67, 68
(Ala. 1991).
We find nothing ambiguous in the prior acts exclusion; accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.