**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WEST AMERICAN INSURANCE
COMPANY, an Ohio Corporation,

      Plaintiff - Appellee,

      v.

CLARK LAMB, an individual doing
business as Clark Lamb & Sons;
ALEX LAMB, an individual, and
BRIAN LAMB, an individual,

      Defendants - Appellants.

No. 98-4146
(D. Ct. No. 97-CV-190-B)
(D. Utah.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, HOLLOWAY** and **BALDOCK**, Circuit Judges.

---

Plaintiff West American Insurance Company originally brought this action

seeking a declaratory judgment that it had no duty to defend or indemnify the

defendants for claims arising out of a traffic accident. The district court granted

plaintiff's motion for summary judgment and dismissed defendants' counterclaims

with prejudice. Defendants filed a timely appeal of this decision. We exercise

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## Background

In June of 1992, West American issued a commercial liability policy to Clark Lamb and Clark Lamb & Sons.  At the time the policy was issued, the Lambs owned and operated both an excavation business and a farming and ranching operation.  Under the express terms of the policy, West American provided coverage for claims arising out of the use of any "mobile equipment" but excluded coverage for claims involving the use of any "auto."

On June 2, 1993, defendant Alex Lamb was involved in a traffic accident while driving a pickup truck on Highway 89 near Hatch, Utah.  As Lamb approached the Garfield Information Center, he collided with the rear end of a 1993 Oldsmobile and injured its four passengers.  While the truck was registered with the state of Utah and insured under a separate automobile policy, the Lambs used the truck exclusively for work on their farming and ranching operation. The truck, a 1976 3/4 ton GMC model, was equipped with heavy-duty frame and brakes and was modified with a fifth-wheel trailer hitch to better tow horse and livestock trailers. At the time of the accident, Lamb was transporting cattle by trailer between summer and winter range.

After the injured passengers filed claims against the Lambs, the Lambs requested defense and indemnification under the West American policy.  West

American has refused coverage, relying on the "auto" exception and the definition of "mobile equipment" in the policy. The question before this court is whether this refusal of coverage was justified under the plain meaning of the contract. We find that it was.

**Discussion**

**I.**

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. Byers, 150 F.3d at 1274.

The material facts of this case are not in dispute. The parties admit that the insurance policy was in effect at the time of the accident. The parties agree on the farming/ranching context of the accident and the specifications of the Lamb truck involved therein. Finally, the parties agree that the Lamb truck, while registered with the state of Utah as a "farm truck," regularly operated on the

freeways, highways and public roads of Utah and Arizona.

## II.

"The interpretation of an insurance contract is governed by state law and, sitting in diversity, we look to the law of the forum state." Houston Gen. Ins. Co. v. American Fence Co., 115 F.3d 805, 806 (10th Cir.1997). The Utah Supreme Court has explained that "the terms of insurance contracts, as well as all contracts, are to be interpreted in accordance with their usually accepted meanings and should be read as a whole, in an attempt to harmonize and give effect to all of the contract provisions." Nielsen v. O'Reilly, 848 P.2d 664, 665 (Utah 1992). Ambiguities in the policy, if any, are resolved in favor of coverage. Id. at 666. Policy language is ambiguous when it is not "plain to a person of ordinary intelligence and understanding, viewing the matter fairly and reasonably, in accordance with the usual and natural meaning of the words, and in the light of existing circumstances, including the purpose of the policy." LDS Hosp. v. Capitol Life Ins. Co., 765 P.2d 857, 858-59 (Utah 1988) (quoting Auto Lease Co. v. Central Mut. Ins., 325 P.2d 264, 266 (Utah 1958)).

The West American policy excludes from coverage "bodily injury" or "property damage" involving any "auto," which is defined as follows:

"Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads including any attached machinery or equipment. But "auto"

- 4 -

does not include "mobile equipment."

Ins. Policy at 2, 9.

The Lambs' pickup truck was not only "designed for travel on public roads" but actually put to such use. At the time of the accident, Alex Lamb was hauling cattle on a public road, and appellants readily admit that the truck regularly operated on the freeways and highways of Utah and Arizona. The GMC truck plainly qualifies as an "auto" and is therefore expressly excluded from coverage under the policy.

While the auto exclusion does preserve claims arising from the use of "mobile equipment," the Lambs' truck does not qualify as such. The policy defines mobile equipment to include "the following types of land vehicles, including any attached machinery or equipment:

> a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads . . . .

Id. at 10-11.

Appellants' effort to classify the truck as "farm machinery" strains reason. Appellants rely heavily on Utah Farm Bureau Mut. Ins. Co. v. Orville Andrews & Sons, 665 P.2d 1308 (Utah 1983). In this case, a truck involved in a highway accident was classified as a "farm implement" and therefore not excluded under an automobile exception to the farm liability policy. However, the truck in Farm

Bureau, retrofitted with a feeder box, "was modified . . . so that it could be used for the sole purpose of feeding . . . cattle." Farm Bureau, 665 P.2d at 1310. In classifying the feeder truck as a farm implement, the court distinguished it from "two other trucks which were registered, licensed and were regularly used to haul grain and livestock to market on public highways." Id. at 1309. These trucks were listed separately on the vehicle schedule of the automobile policy.

Farm Bureau provides no support for classifying the Lambs' truck as farm machinery. The Lambs' truck, like the other trucks in Farm Bureau, was registered and insured under an automobile policy and was regularly used on public roads in Utah and Arizona. Heavy-duty features and a trailer hitch do not transform a truck into farm machinery.

Because we find no ambiguity in the relevant policy provisions, the insurance contract must be enforced according to its plain terms. Therefore, the district court's order granting summary judgment is AFFIRMED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge