This is a legal malpractice action wherein the trial judge entered a summary judgment in favor of Kenneth Gibson, former attorney of the plaintiff, James P. Lomax, Jr. The sole issue raised by Lomax in his appeal is whether the statutory period of limitations had run when Lomax filed his malpractice action. We affirm.
In 1980, Gibson practiced with the firm of Taylor, Benton, Irby and Gibson. While Gibson was practicing with that firm, Lomax signed a contract for Gibson to represent him in a workman's compensation action against Bryson Environmental Services. The injury giving rise to Lomax's claim had occurred on January 19, 1979. The statutory period of limitations in a workmen's compensation action at that time was one year, and Gibson allegedly failed to pay the necessary fees for service of process in Lomax's case prior to the expiration of the statutory period on January 19, 1980.
Lomax contends that he did not learn until October 1986, that the required fees had not been paid. On October 14, 1986, Lomax settled with Bryson Environmental Services for $1,500. On October 13, 1988, Lomax filed this malpractice action against Gibson, and he later added the other partners of the firm of Taylor, Benton, Irby, and Gibson as defendants. The trial court entered a summary judgment as to all defendants.
The defendants argue that because the underlying workman's compensation claim was subject to a one-year statute of limitations and the statutory period of limitations on that claim expired on January 19, 1980, that, consequently, Lomax's malpractice claim accrued on that date. The defendants further contend that the applicable statute of limitations for Lomax's malpractice claim is set out in the Alabama Legal Services Liability Act, § 6-5-570 et seq., Code of Alabama 1975. Section6-5-574(a) provides as follows: *Page 446 
 "All legal service liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided, further, that in no event may the action be commenced more than four years after such act or omission or failure; except, that an act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date."
The defendants argue that, even assuming the correctness of Lomax's argument, that he did not discover the alleged malpractice until October 1986, his claim, nevertheless, falls within the purview of that section. Therefore, the defendants argue, because the "act or omission or failure giving rise to [the] claim" occurred before August 1, 1987, Lomax would have had only until August 1, 1988, to file his claim against Gibson and his firm. Section 6-5-574(a), supra. Lomax filed in October 1988. Therefore, they argue, § 6-5-574(a) bars Lomax's action.
First, we note that § 6-5-581, part of the same Act, provides as follows:
 "This article applies to all actions against legal service providers based on acts or omissions accruing [occurring?] after April 12, 1988 and, as to such causes of action, shall supersede any inconsistent provision of law."
While there seems to be a discrepancy within the Act with regard to the effective date of the statute, i.e., whether the Act applies only to omissions occurring after April 12, 1988, or whether the Act applies to acts occurring prior to that date, as § 6-5-574 implies, we need not attempt to unravel that mystery here, because, in either event, the trial court correctly entered the summary judgment in this case.
As stated above, if § 6-5-574 does apply to this action, then Lomax's action is barred. If, however, the Act, as § 6-5-581
implies, does not apply to acts or omissions that occurred prior to April 12, 1988, then the applicable statute of limitations would be six years, pursuant to § 6-2-34, Code of Alabama 1975. Section 6-2-34 states:
"The following must be commenced within six years:
". . . .
 "(8) Motions and other actions against attorneys-at-law for failure to pay over money of their clients or for neglect or omission of duty. . . ."
Thus, under that section, a party had six years from the accrual of his action to file.
 "The very basic and long settled rule of construction of our courts is that a statute of limitations begins to run in favor of the party liable from the time the cause of action 'accrues.' The cause of action 'accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon."
Garrett v. Raytheon Co., 368 So.2d 516, 518-19 (Ala. 1979). The plaintiff's delay in discovering the right to bring an action did not toll the running of the statutory period unless fraud was involved. See Garrett at 521. Therefore, even if Lomax did not discover the act or omission until October 1986, that fact would not have extended the time he had to file his action under § 6-2-34, supra, unless fraud was involved. Applying that section and Garrett, supra, to the present case, we conclude that Lomax's claim accrued when he first had a cause of action against Gibson, i.e., when the statutory period of limitations in his workmen's compensation suit expired without Gibson's having paid the necessary filing fees. Thus, Lomax's action accrued on January 19, 1980. Six years from the accrual of the action would have been January 19, 1986. Lomax, however, failed to file his malpractice action until October 1988. Consequently, his malpractice cause of action was barred by the statute of limitations, and the trial court correctly *Page 447 
entered the summary judgment for all of the defendants.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.