On December 13, 1990, Lonnie Howard and Jennifer C. Howard filed a legal malpractice action against attorneys Jerry Mack Clayton and Cecil M. Matthews. The suit arose from the attorneys' representation of the Howards during their separate trials for murder. Clayton, who was court-appointed, represented both Lonnie and Jennifer until Lonnie's October 1981 conviction for murder and Clayton's withdrawal as counsel for Jennifer in November or December 1981. Matthews was subsequently appointed to represent Jennifer, who was convicted of attempted murder in 1982.
The tenor of the complaint filed by Lonnie, who was not represented by legal counsel in this malpractice action, is that the attorneys did not use reasonable care in representing them during their murder trials. The Howards' suit was dismissed by the trial court, and they appeal. The issue presented is whether the trial court erred in dismissing the Howards' complaint.
The allegedly negligent acts giving rise to this legal malpractice cause of action occurred during Clayton's and Matthews's representation of the Howards during their 1981-82 trials for murder. Because the cause of action accrued prior to April 12, 1988, the effective date for the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala. Code 1975, we find that, pursuant to § 6-2-34(8), the statutory period of limitations for the Howards' legal malpractice action is six years. See § 6-5-581, Ala. Code 1975; Lomax v. Gibson,584 So.2d 445 (Ala. 1991); Baker v. Ball, 446 So.2d 39 (Ala. 1984).
The Howards filed their action in December 1990, over eight years after the allegedly negligent actions occurred. Therefore, we find that the trial court properly dismissed their legal malpractice cause of action against Clayton and Matthews.
The judgment of the trial court dismissing the Howards' complaint is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.