The plaintiffs appeal from a summary judgment entered in favor of the defendants in a legal malpractice action.
Linda Brewer, Mary E. Hill, and Gene Brown employed Lindsey Davis, a lawyer with the firm of Holt, McKenzie, Holt and Mussleman, to contest the will of Lois Brown, deceased. The will was admitted to probate on May 2, 1986. On August 4, 1986, Davis, on behalf of her clients, filed a petition to remove the estate to circuit *Page 68 
court, and the petition was granted. On April 22, 1987, Davis, on behalf of her clients, filed an amendment to the petition for removal, asserting grounds for the will contest. The case was tried to a jury, a verdict was returned against the will, and a judgment was entered. On appeal by the executrix of Lois Brown's estate, this Court, in Bullen v. Brown, 535 So.2d 76
(Ala. 1988), reversed the trial court's judgment, holding that the petition for removal did not constitute a proper complaint to contest the will and that the amendment to the petition for removal was not effective because there was no complaint to amend, and, therefore, that the trial court was without jurisdiction. The application for rehearing in Bullen was overruled by this Court on October 31, 1988, and a final certificate of judgment was entered on November 8, 1988. On March 22, 1990, Linda Brewer, Mary E. Hill, Kay Brown, Danny Brown, Jason Brown, and Amy Brown filed this legal malpractice suit against Lindsey M. Davis and Holt, McKenzie, Holt and Mussleman.
It appears from the pleadings in the record before us that Gene Brown was deceased when this complaint was filed and that Kay Brown, Danny Brown, Jason Brown, and Amy Brown are heirs of Gene Brown. We recognize that under Ala. Code 1975, § 6-5-462, Gene Brown's claim did not survive his death and that Kay Brown, Danny Brown, Jason Brown, and Amy Brown have no standing to assert the legal malpractice claim. (See Gillilan v.Federated Guar. Life Ins. Co., 447 So.2d 668 (Ala. 1984), wherein this Court held that a claim sounding in tort for which no action has been filed does not survive the death of the person with the claim.) Accordingly, the appeal is dismissed as to those parties.
In its order entering summary judgment for the defendants, the trial court held that the cause of action accrued on November 2, 1986 (the last date to file a will contest); the trial court wrote:
 "The Court finds and determines that the act or omission or failure giving rise to the Plaintiff's claim was the failure of the Defendants to file a complaint in the Circuit Court of Franklin County within six (6) months after the admission of the will of Lois Brown to probate. The Court further finds and determines that, pursuant to § 6-5-574, Code of Alabama, 1975, as amended, and consistent with the decision rendered by the Supreme Court of Alabama in the case of Michael v. Beasley, [583 So.2d 245 (Ala. 1991),] decided May 3, 1991, this present action was not timely filed. Any action against a legal services provider must be commenced within whichever various limitations period would provide the longest time to bring the action, as noted in the Act itself. As noted in § 6-5-574(a), two (2) years after the cause of action accrued would require the Plaintiffs to have filed this action on or before November 2, 1988. Even an additional six (6) month period to allow for discovery would give the Plaintiffs [only] until May 2, 1989, to file a complaint. Finally, if the cause of action occurred before the effective date of the Legal Services Liability Act of April 12, 1988, then, consistent with the Court's decision in Michael v. Beasley, the Plaintiffs would have one (1) year, or until April 12, 1989, to file their claim. In none of the above noted situations have the Plaintiffs filed the present action within the time period as allowed."
In Michael v. Beasley, 583 So.2d 245 (Ala. 1991), this Court held that the time limits set out in the Legal Services Liability Act, Ala. Code 1975, § 6-5-570 et seq., are to be measured from the date of the accrual of the cause of action, not from the date of the occurrence of the act or omission, and that a cause of action accrues when some injury occurs giving rise to a cause of action. In that case, we concluded that the Michaels sustained a legal injury sufficient for them to maintain an action at the time a jury verdict was returned against them and that their cause of action accrued at that time, not when this Court affirmed the trial court's judgment.
In the present case, we find that the plaintiffs sustained a legal injury sufficient for them to maintain an action against the *Page 69 
defendants when this Court overruled the application for rehearing in Bullen v. Brown, supra. In this case, unlikeMichael v. Beasley, supra, the jury returned a verdict in favor of the plaintiffs and the plaintiffs sustained no loss or injury until this Court reversed the trial court's judgment and overruled the application. Accordingly, the judgment of the trial court is reversed and the cause is remanded.
DISMISSED AS TO KAY BROWN, DANNY BROWN, JASON BROWN, AND AMY BROWN; AS TO LINDA BREWER AND MARY E. HALL, REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and INGRAM, JJ., concur.