The plaintiff, Perry Cantrell, appeals from a summary judgment for the defendant, Donald W. Stewart, in this action seeking damages for legal malpractice. We reverse and remand.
On November 26, 1987, Cantrell allegedly stepped in a hole on the premises of Quality Inns Intown in Gatlinburg, Tennessee. As a result of his accident, Cantrell had to have surgery performed on his knee and he missed several months of work. Cantrell hired Stewart, an Alabama attorney, to sue the hotel. On November 10, 1988, Stewart, with the assistance of a Tennessee attorney, filed a complaint on behalf of Cantrell in the Circuit Court of Sevier County, Tennessee, against Quality Inns International, Inc. ("Quality Inns"). In May 1989, Quality Inns moved to dismiss the action on the ground that it was not a proper party. Quality Inns argued that Brownlee Reagan, Kelly Reagan, Hal Reagan, and Alma B. Reagan actually owned the hotel in Gatlinburg and that they operated it under the Quality Inns name pursuant to a franchise agreement. In June 1989, Stewart amended the complaint to add the Reagans as defendants. On April 10, 1990, the trial court in Tennessee dismissed the action as to Quality Inns. The court dismissed it as to the Reagans on November 28, 1990, ruling that the amendment to the complaint was barred by the applicable Tennessee statute of limitations. Cantrell filed the present action against Stewart on December 13, 1990.
The sole issue is whether Cantrell's action against Stewart is barred by the statute of limitations set out in Ala. Code 1975, § 6-5-574 (part of the Alabama Legal Services Liability Act, § 6-5-570 et seq.).[1] Section 6-5-574 provides in part as follows:
 "(a) All legal service liability actions against a legal service provider must be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided, further, that in no event may *Page 545 
the action be commenced more than four years after such act or omission or failure; except, that an act or omission or failure giving rise to a claim which occurred before August 1, 1987, shall not in any event be barred until the expiration of one year from such date."
Unless tolled because the cause of action was undiscovered (Cantrell does not seek to fall within the six month "saving provision"), the two-year limitations period set out in §6-5-574(a) begins to run on the date the cause of action accrues (i.e., when a person sustains a legal injury upon which an action can be maintained). See Michael v. Beasley,583 So.2d 245, 246, 252 (Ala. 1991). Stewart argued, and the trial court apparently agreed, that Cantrell's action against Stewart accrued on November 26, 1988, when the Tennessee statute of limitations presumably became a bar to any claim that Cantrell had against the Reagans. Because Cantrell filed his action against Stewart on December 13, 1990, more than two years after November 26, 1988, the trial court held that Stewart was entitled to a judgment as a matter of law. See Rule 56, Ala.R.Civ.P. Cantrell argues, however, that his cause of action against Stewart did not accrue until either April 10, 1990, when the Tennessee court dismissed the action as to Quality Inns, or November 28, 1990, when it dismissed the action as to the Reagans. Cantrell argues that he suffered no actionable injury and, thus, that his cause of action did not accrue, until the trial court in Tennessee actually made an adverse ruling against him. We agree.
Brewer v. Davis, 593 So.2d 67 (Ala. 1991), a case materially indistinguishable from the present case, was based on an earlier action in which the plaintiffs had hired an attorney to contest a will. In that earlier action the attorney filed a petition to remove the estate from the probate court to the circuit court, and the petition was granted. Later, the attorney filed an amendment to the petition for removal, asserting grounds for the will contest. The case was tried to a jury, a verdict was returned against the will, and a judgment for the plaintiffs was entered on that verdict. The executrix of the estate appealed in that earlier case, styled Bullen v.Brown, 535 So.2d 76 (Ala. 1988). This Court reversed the judgment, holding that the petition for removal did not constitute a proper complaint to contest the will and that the amendment to the petition for removal was not effective because there was no complaint to amend and, therefore, that the trial court was without jurisdiction. This Court overruled an application for rehearing, and a final certificate of judgment was issued in Bullen v. Brown. The plaintiffs then sued their attorney, alleging malpractice in the Bullen v. Brown case. On the attorney's motion for summary judgment, the trial court ruled that the plaintiffs' malpractice cause of action had accrued upon the expiration of the last day on which a will contest could have been filed and that the filing of the plaintiffs' malpractice complaint, measured from that date, came too late. The issue on appeal in Brewer was whether the cause of action against the attorney accrued on the date that the statute of limitations barred the plaintiffs from contesting the will or on the date that this Court overruled the application for rehearing in Bullen v. Brown. In reversing the summary judgment for the attorney, we held:
 "In this case, unlike Michael v. Beasley, supra, the jury returned a verdict in favor of the plaintiffs and the plaintiffs sustained no loss or injury until this Court reversed the trial court's judgment and overruled the application."
593 So.2d at 69. See, also, Michael v. Beasley, supra, holding that the plaintiffs' malpractice claim, based on negligence alleged to have occurred during the lawyer's representation of them in an earlier action, did not accrue until the jury returned a verdict adverse to them in the earlier action.
Based on the rationale of Brewer, we hold that Cantrell could have made no damages claim against Stewart in Alabama while his personal injury case was still pending in Tennessee and before the motions to dismiss filed by Quality Inns and the Reagans had been decided on their merits. Because Cantrell filed his complaint against Stewart on December 13, 1990, within two years of the dismissals in the Tennessee case, the statute *Page 546 
of limitations set out in § 6-5-574 was not a bar and the summary judgment for Stewart on that basis was improper.[2]
For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] We do not consider whether Stewart was negligent in his representation of Cantrell.
[2] We note that Pearce v. Schrimsher, 583 So.2d 253 (Ala. 1991);Leighton Avenue Office Plaza, Ltd. v. Campbell, 584 So.2d 1340
(Ala. 1991); Corte v. Massey, 582 So.2d 1108 (Ala. 1991); Lomaxv. Gibson, 584 So.2d 445 (Ala. 1991); and Cofield v.Smith, 495 So.2d 61 (Ala. 1986), are distinguishable. UnlikeMichael v. Beasley, Brewer v. Davis, and the present case, none of those cases involved a claim against an attorney based upon an act or omission that occurred during ongoing litigation, the effect of which was incapable of determination during that litigation until a finding was made by a jury or a ruling was made by a trial or appellate court. In Michael v. Beasley, the plaintiffs alleged that their attorney had negligently handled their case; however, the question of the effectiveness of the attorney's representation and, thus, the question of the plaintiff's damages, remained unanswered until the jury returned a verdict against them. Likewise, in Brewer v. Davis, the plaintiffs sustained no actual loss or injury until this Court reversed the trial court's judgment in their favor and overruled their application for rehearing. The present case is like Beasley and Brewer, in that the legal effect of the motions to dismiss filed by Quality Inns and the Reagans was unknown until the trial court ruled on them (i.e., those motions were the subject of a justiciable controversy and Cantrell could not have suffered any injury for which he could have maintained an action until he actually received an adverse ruling).