The plaintiff, Michelle Russell, appeals from a summary judgment in favor of the defendant, Burnham, Klinefelter, Halsey, Jones, Cater, P.C. Russell sued that law firm pursuant to the Legal Services Liability Act, Ala. Code §6-5-574(a), alleging malpractice in its representation of her in a previous action.
In that earlier action, James Klinefelter, an attorney with the defendant law firm, was retained by Champion Insurance Company to represent Russell in regard to any claims brought against her arising out of an accident in 1985 in which Russell's vehicle collided with another vehicle. Occupants of both cars were injured in the accident, and a police officer's investigation indicated that Russell was at fault. At the time of the accident, Russell had a liability insurance policy with Champion that provided policy limits of $20,000 per claim and $40,000 per accident. In June 1987, the two passengers in Russell's car, her nieces Lanita and Kemia Warren, sued her for damages based on injuries sustained in the accident. Klinefelter filed an answer on behalf of Russell and Champion. In August 1987, attorneys for the nieces made settlement demands, which Champion rejected. Russell contends that Klinefelter never provided her with any information about these claims or settlement demands.
In October 1987, Russell became aware of the lawsuit against her; she then independently retained an attorney to represent her. On January 25, 1990, a consent judgment was entered against Russell in the amount of $1.12 million. Russell filed this malpractice action on January 23, 1992. The trial court subsequently entered a summary judgment in favor of the defendant on the ground that the statute of limitations had run. Russell raises one issue on appeal.
Russell contends that the trial court erred in determining that her claim for legal malpractice had accrued before the entry of the consent judgment. She argues that she first suffered a legal harm on January 25, 1990, the day the consent judgment was entered against her. We agree.
"[T]he time limits in the LSLA are to be measured from the date of the accrual of the cause of action and not from the date of the occurrence of the act or omission." Michael v.Beasley, 583 So.2d 245, 252 (Ala. 1991). A cause of action accrues "when a person sustains a legal injury upon which an action can be maintained." Cantrell v. Stewart, 628 So.2d 543,545 (Ala. 1993).
Cantrell and Brewer v. Davis, 593 So.2d 67 (Ala. 1991), were both legal malpractice actions involving a determination of when the cause of action accrued for statute of limitations purposes in actions brought under the LSLA. In those cases, the Alabama Supreme Court held that the plaintiffs sustained no loss or injury until there was a judgment against them in the lawsuits that gave rise to the attorneys' alleged negligence. In other words, when the malpractice action is based upon the attorney's alleged negligence in an earlier action, the rule is that the plaintiff in the malpractice action is held to have suffered no injury or harm in the earlier action until there was a final adverse judgment in the earlier action. Therefore, until the consent judgment was entered against Russell, she had no claim for damages, because her malpractice cause of action had not accrued. The trial court should have determined that Russell's cause *Page 1287 
of action accrued on January 25, 1990, the day the consent judgment was entered against her. Because the malpractice action was filed within two years of the accrual of Russell's cause of action, the trial court erred in entering the defendants' summary judgment on the basis that the statutory period of limitations had run.
Therefore, the judgment of the trial court is reversed and this cause is remanded to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.