674 So.2d 1287 (1995)
Ex parte BURNHAM, KLINEFELTER, HALSEY, JONES & CATER, P.C.
(In re Michelle RUSSELL v. BURNHAM, KLINEFELTER, HALSEY, JONES & CATER, P.C., et al.).
1941191.
Supreme Court of Alabama.
October 20, 1995.
Rehearing Denied December 8, 1995.
*1288 L. Graves Stiff and Allan R. Wheeler of Starnes & Atchison, Birmingham, for Petitioner.
Thomas E. Baddley, Jr. and Jeffrey P. Mauro of Baddley & Crew, P.C., Birmingham, for Respondent.
HOUSTON, Justice.
Michelle Russell was involved in a two-car accident in December 1985, in which her two nieces, who were passengers in her car, were injured. Russell was insured by Champion Insurance Company ("Champion"). On June 2, 1987, Ola Mae Russell,[1] the grandmother of the nieces, brought suit on their behalf against Michelle Russell, alleging that negligent and wanton conduct on the part of Michelle Russell had caused the accident that injured the nieces. At Champion's request, James Klinefelter of Burnham, Klinefelter, Halsey, Jones & Cater, P.C., filed an answer on behalf of Michelle Russell. Klinefelter had already settled two other actions, which had been brought against Michelle Russell by passengers in the other vehicle involved in the accident.
In August 1987, the attorney for the nieces made a policy-limits settlement[2] offer on behalf of one of the nieces and a $10,000 settlement offer on behalf of the other niece. Klinefelter communicated these offers to Champion, with a recommendation that it accept them. Klinefelter was unable to obtain the requested authority, and informed the nieces' attorney of his inability to obtain settlement authority. The offers subsequently expired and were never renewed.
On October 1, 1987, shortly after the expiration of the settlement offer, Michelle Russell retained Bill Broome to represent her interests in the action brought by the nieces, and she contemporaneously agreed, in writing, to allow Broome to represent her in exchange for a 50% contingency fee in any action she might bring in connection with the accident or the lawsuit against her. Michelle Russell alleged that in early October Broome first told her that Klinefelter had mishandled her case by not settling the case and not informing her of the settlement offers. In her deposition Michelle Russell testified:
"Q. Did he [Broome] ever tell you that he had looked into the situation for you and he felt that the lawyer that was handling it for you had mishandled it?
"A. Yes.
". . . .
"Q. Did y'all talk about the fact that if... [the nieces'] case went to trial and there was a judgment entered against you trying to get that lawyer to pay that judgment?
"A. Yes."
When Champion filed an interpleader action in January 1988, after depositing the policy limits into the court, Broome filed a *1289 counterclaim against Champion, alleging that Champion's failure to settle the underlying action and failure to notify Michelle Russell of the settlement offers caused her to "incur the expense of retaining her own personal attorney ... [and to incur] emotional and mental distress; and ... exposed [her] to probable large judgments."
On January 29, 1990, a consent judgment for $1.12 million was entered against Michelle Russell in favor of one of her nieces.[3] Michelle Russell admits that no money has been paid toward the satisfaction of this consent judgment and that her motherthe grandmother and next friend of the minor nieceshas made no attempts to collect the judgment as of the time of this appeal.
On January 23, 1992, Michelle Russell filed the present legal malpractice action against Klinefelter. The trial court entered a summary judgment for Klinefelter on the ground that the two years allowed by the statute of limitations for bringing this action had run before the case was filed. The Court of Civil Appeals reversed, holding that the cause of action did not accrue until January 29, 1990, the date of the consent judgment, because, it held, "until the consent judgment was entered against Russell, she had no claim for damages." Russell v. Burnham, Klinefelter, Halsey, Jones & Cater, 674 So.2d 1285, 1286 (Ala.Civ.App.1995). This Court granted Klinefelter's petition for the writ of certiorari, to review the narrow issue of when Michelle Russell's cause of action for legal malpractice accrued.[4]
Section 6-5-574(a), Ala.Code 1975, which codifies § 5 of the Alabama Legal Services Liability Act (ALSLA), contains the statute of limitations applicable to this legal malpractice action. The case of Michael v. Beasley, 583 So.2d 245 (Ala.1991), construed the provision to require that most ALSLA actions be brought "within two years after the cause of action accrued."[5]Id. at 252. The present action would be included in the Michael v. Beasley rule.
As the Court of Civil Appeals correctly stated in its opinion, "[a] cause of action accrues `when a person sustains a legal injury upon which an action can be maintained.'" 674 So.2d at 1285 (quoting Cantrell v. Stewart, 628 So.2d 543, 545 (Ala. 1993)). The Court of Civil Appeals relied on Cantrell v. Stewart and Brewer v. Davis, 593 So.2d 67 (Ala.1991), in setting out a broad rule that a legal malpractice claim does not accrue until the entry of an adverse judgment against the complainant. The plaintiff in this case correctly points out that both of those cases involved attorneys employed to sue on behalf of their clients and whose clients later sued them for legal malpractice. In such situations, there can normally be no legal damage suffered until an adverse or insufficient judgment is entered against the person injured by his or her attorney's negligence. However, in the situation where an attorney is hired to defend a lawsuit, a negligent act by the attorney, especially during settlement negotiations, not only exposes the client to a potential adverse judgment, but also can expose the client to additional legal fees that would not have been otherwise incurred.
In Cofield v. Smith, 495 So.2d 61, 62 (Ala.1986), another legal malpractice case, we held that "the cause of action `accrues,' and the statute of limitations begins to run, `when and only when, the damages are sustained'" (quoting Garrett v. Raytheon Co., 368 So.2d 516, 519 (Ala.1979)). A cause of action "accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon." Cofield v. Smith, 495 So.2d at 62 (quoting Payne v. Alabama Cemetery *1290 Ass'n, Inc., 413 So.2d 1067, 1072 (Ala.1982)). Furthermore, "[t]his is so even though the damages for which the plaintiff now makes claim could not have been fully known at that time." Cofield v. Smith, 495 So.2d at 63.
According to the plaintiff's theory of liability, the alleged negligence of Klinefelter caused the claims by the nieces not to be settled in August or September 1987. But for this alleged negligence, she would never have incurred any contractual obligation to pay Broome to defend her against her nieces' claims. The plaintiff, in February 1988, acknowledged that she had been damaged by the hiring of Broome and had begun to suffer mental anguish as a result of the failure to settle the nieces' claims that exposed her to a large excess judgment; she acknowledged this in her counterclaim against Champion, in which she sought to recover for that damage. Therefore, the plaintiff, in February 1988, acknowledged having sustained damage as a result of the alleged legal malpracticethis acknowledgement came almost four years before this legal malpractice action was filed.
"In Alabama and most other jurisdictions, the general rule is that attorney's fees and expenses of litigation are not recoverable as damages, in [the] absence of a contractual or statutory duty, other than [by] a few recognized ... equity principles." Highlands Underwriters Ins. Co. v. Elegante Inns, Inc., 361 So.2d 1060, 1065-66 (Ala. 1978). This Court in Highlands Underwriters went on to hold:
"However, it is generally recognized that where the natural and proximate consequences of the defendant's wrongful act [cause] the plaintiff to become involved in litigation with a third person, attorneys' fees and other expenses incurred in such litigation may be recovered as damages."
361 So.2d at 1066 (citing Am.Jur.2d, Damages, § 166, p. 235; 25 C.J.S. Damages § 50, p. 787). The New Mexico Court of Appeals, in First Nat'l Bank of Clovis v. Diane, Inc., 102 N.M. 548, 698 P.2d 5, 12 (N.M.App.1985), applied this same principle to a legal malpractice action similar to the present action, stating "[W]e hold that where ... a client is required to engage counsel to defend a separate action proximately resulting from his attorney's negligence, reasonable fees incurred may be awarded ... as an item of special damages."
Applying these principles to the present case, we hold that Michelle Russell's claim had accrued more than two (2) years before she filed this legal malpractice action.
For the foregoing reasons, we reverse the judgment of the Court of Civil Appeals and remand the cause.
REVERSED AND REMANDED.
MADDOX, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
NOTES
[1] According to the petitioner Michelle Russell's supplemental statement of facts, "Ola Mae Russell is the mother of Michelle Russell and the maternal grandmother of ... [the injured nieces]. At the time of the accident, and at all times since then, Ola Mae Russell, Michelle Russell and ... [the nieces] have resided in the same household together."
[2] Russell's automobile insurance policy with Champion had limits of $20,000 per claim and $40,000 per accident.
[3] The other niece's action had been settled before the entry of that consent judgment, for an amount not disclosed in the record.
[4] We do not have before us on this appeal the issues of possible collusion or whether the failure to notify a person of a settlement offer made by a close relative who resides in the same house with him or her can be credibly argued to have proximately caused any legal harm to such person.
[5] It cannot be argued that the six-month grace period set out in Ala.Code 1975, § 6-5-574(a), operates to save this claim, because it is undisputed that Russell discovered the alleged negligence in the fall of 1987, much more than 6 months before the end of the 2-year statutory limitations period.